AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO, demandante, BUILDERS INSURANCE CO., ETC., demandados, *v.* BUILDERS INSURANCE CO., ETC., terceros demandantes peticionarios, MIGUEL A. HERNÁNDEZ TORRES y MARTA RIVERA DE HERNÁNDEZ, terceros demandados recurridos.

*Número:* O-83-780 *Resuelto:* 17 de enero de 1984

*Pablo Carrasquillo,* abogado del Comisionado de Seguros como Administrador Liquidador de Builders Insurance Company, peticionaria; *Héctor R. Cuprill,* abogado de los terceros demandados recurridos; *Ramón A. Hernández,* abogado de la Autoridad de Acueductos y Alcantarillados; *Arturo Díaz,* abogado de la Asociación de Garantía de Seguros Misceláneos.

PER CURIAM: La Autoridad de Acueductos y Alcantarillados ("la Autoridad") celebró un contrato con Mimalú, Inc.

("Mimalú") para la construcción por ésta de una troncal sanitaria. Builders Insurance Company ("Builders") garantizó la construcción de la obra y el pago a los suplidores. Mimalú, su presidente el señor Hernández y su secretaria la señora Rivera de Hernández, estos últimos en su carácter personal, se comprometieron a indemnizar a Builders de cualquier pago que tuviese que satisfacer como fiadora de Mimalú.

Mimalú incumplió los términos de su obligación y la Autoridad la demandó a ella y a su fiadora Builders. Builders entró en proceso de liquidación, pasando a ser representada por la Asociación de Garantía de Seguros ("la Asociación") y convirtiéndose el Comisionado de Seguros ("el Comisionado") en su administrador liquidador. La Asociación trajo al pleito a los señores Hernández como terceros demandados bajo el contrato de indemnización entre ellos y Builders.

Builders le satisfizo a la Autoridad $57,763 en pago de su obligación bajo la fianza. En consideración a ello, la Autoridad desistió con perjuicio de su acción. El tribunal de instancia dictó sentencia en que dio a la Autoridad por retirada del pleito. Antes de la sentencia el Comisionado hizo constar que preservaba su derecho de subrogación contra los indemnizadores y terceros demandados, señores Hernández.

Eliminada la Autoridad del pleito, el Comisionado de Seguros solicitó sentencia sumaria para que se ordenase a los terceros demandados indemnizarle por el pago de $57,763 efectuado por la demandada Builders a la Autoridad demandante. Se opusieron los señores Hernández basados en que, al desistirse de la acción principal, dejó de existir la causa del tercero demandante. Consideran los terceros demandados que, de estimar el tercero demandante que tiene alguna causa de acción contra ellos, la única vía procesal abierta es entablar una acción independiente. Los terceros demandados cuestionaron también la capacidad legal del Comisionado para solicitar indemnización a nom-

bre de Builders. No se suscitó controversia alguna sobre los hechos expuestos.

El tribunal de instancia se negó a dictar sentencia sumaria. El Comisionado ha acudido a este foro.

Cuando un demandante desiste con perjuicio de su acción contra un demandado, ello no acarrea en todo caso el derrumbe de una acción por éste contra un tercero demandado. La Regla 12.1 de Procedimiento Civil persigue precisamente el propósito de reducir la multiplicidad de pleitos. 6 *Wright & Miller, Federal Practice and Procedure: Civil* Sec. 1441 (1971). La determinación de si sobrevive una demanda contra tercero en estas circunstancias no es un ejercicio de lógica abstracta, sino de análisis práctico de los hechos. Es claro que si $A$ demanda a $B$ y éste a $C$ para que lo indemnice por lo que tenga que pagarle a $A$, se cae la demanda contra tercero si $A$ desiste con perjuicio y graciosamente de su acción contra $B$. En tal caso, $B$ no ha tenido que pagar nada y no hay nada que $C$ tenga que reembolsar, a menos que sean los gastos y honorarios del pleito si así se ha convenido. En varias situaciones, no obstante, sobrevive la demanda contra tercero. *McClane* v. *Sun Oil Co.*, 634 F.2d 855 (5th Cir. 1981); *Hill* v. *Rolleri*, 615 F.2d 886 (9th Cir. 1980); *Dery* v. *Wyer*, 265 F.2d 804 (2nd Cir. 1959). La Regla 43.5 reconoce la facultad de dictar sentencia entre las partes principales y proseguir una reclamación contra tercero.

En el caso actual es evidente que el desistimiento de la Autoridad no afecta la acción contra los terceros demandados. Se desistió porque la parte demandada transó su pleito con la demandante. La parte demandada tiene derecho a reclamar que sus indemnizadores le reembolsen lo pagado por ella a la demandante. Al respecto valga apuntar que el noveno párrafo del contrato de indemnización entre Builders y los terceros demandados autoriza expresamente a Builders a transar cualquier reclamación contra ellos, a la par que renunciar a que se les releve de responsabilidad por tal.

 El argumento referente a la alegada falta de capacidad legal del Comisionado es igualmente inmeritorio. El Código de Seguros dispone, 26 L.P.R.A. sec. 4008, que en su calidad de administrador de un asegurador en liquidación el Comisionado estará investido del dominio de los contratos, derechos de acción y otra propiedad del asegurador. La función básica de la Asociación de Garantía es pagar las reclamaciones que surjan de las pólizas y contratos de seguros emitidos por el asegurador en liquidación. 26 L.P.R.A. secs. 3802, 3809, 4012a.

*Se expedirá el auto, se revocará la orden recurrida y se dictará sentencia sumaria para decretar el pago por los terceros demandados al Comisionado de Seguros de la suma de $57,763, más costas.*

El Juez Asociado Señor Rebollo López no intervino.