Juan Carlos Guzmán Adorno y otros, demandantes y recurrentes, *v.* Otis Elevator, Inc. y otros, demandados, Vermil Elevator System and Service, Inc. y Compañía de Seguros XYZ, terceros demandados y recurridos.

*Número:* RE-92-166          *Resuelto:* 11 de marzo de 1994

*Erick E. Kolthoff Benners*, abogado de los recurrentes; *Ramón A. García Suárez*, de *Vázquez, Suárez & Mena*, abogado de los recurridos.

El Juez Presidente Señor Andréu García emitió la opinión del Tribunal.

I

El caso de autos presenta un problema de interpretación en cuanto al efecto de la desestimación de la reclamación hecha contra el demandado y tercero demandante por vía de sentencia sumaria parcial, *vis-à-vis* la posición del tercero demandado frente al demandante original bajo el

palio de la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Resolvemos que dicha sentencia mantiene abierto el proceso de adjudicación de la reclamación contra el tercero demandado no incluido en la parte dispositiva de la sentencia revisada.

## II

Procedemos a exponer los hechos que dieron génesis al pleito.

La Sra. Miriam Adorno Meléndez, empleada de la Administración del Derecho al Trabajo, sufrió una caída y torcedura de tobillo al tomar un ascensor en el Edificio Norte del Centro Gubernamental Minillas. En consecuencia, el Fondo del Seguro del Estado determinó que ésta sufrió una lamisectomía S/P L-5, S1 y radiculopatía residual en el RT, SL con un desorden de ansiedad con rasgos depresivos.

Estos hechos generaron la interposición de una demanda en daños y perjuicios contra Otis Elevator, Inc. (en adelante Otis), fabricante del elevador, y John Doe, compañía aseguradora. En la misma se alegó, como causa de responsabilidad, lo siguiente:

> 7– Que dicho accidente sucedió única y exclusivamente por la negligencia de la demandada OTIS ELEVATOR, INC., fabricante, instaladora y compañía a cargo del mantenimiento de los elevadores del Edificio Norte del Centro Gubernamental Minillas, *los cuales mantienen en pobre estado de funcionamiento, habiendo ocurrido varios accidentes en dichos elevadores.* (Énfasis suplido.) *Exhibit* 3, pág. 16.

En su contestación, Otis negó la anterior alegación. No obstante, presentó una solicitud de sentencia sumaria apoyada en una declaración jurada de su Gerente de Finanzas, en la cual alegaron que no tenía obligación contractual o de índole alguna para dar mantenimiento, limpieza y reparación al ascensor en el que ocurrió la caída de la

demandante. Al mismo tiempo, presentó una demanda contra el tercero Vermil Elevator System and Services, Inc. (en adelante Vermil), en la cual alegó que era ésta la encargada de proveerle mantenimiento al referido aparato a la fecha de la caída de la señora Adorno Meléndez. Vermil aceptó este hecho y presentó una reconvención en contra de Otis. Alegó que la caída se debió a un problema de nivelación entre el ascensor y el piso del edificio como consecuencia de un diseño defectuoso atribuible a Otis.

Presentó ésta, entonces, una segunda moción de sentencia sumaria donde alegó que el supuesto desnivel entre el piso del ascensor y el del edificio constituía un vicio de construcción, por lo que invocó la defensa de caducidad establecida por los Arts. 1483 y 1809 del Código Civil, 31 L.P.R.A. secs. 4124 y 5148, respectivamente.

El 26 de septiembre de 1991 el tribunal de instancia dictó una Sentencia Parcial.[1] En la misma determinó que "la reclamación de la parte demandante contra la codemandada Otis Elevator Inc., es una por daños y perjuicios como resultado de ruina por vicios o defectos de la construcción del ascensor envuelto en este caso" al amparo de las disposiciones del Art. 1483 del Código Civil, *supra*. *Exhibit* 12, págs. 70–71. Concluyó entonces el tribunal de instancia que a la fecha del accidente había ya transcurrido el término decenal de caducidad dispuesto por dicho artículo, por lo que desestimó la demanda contra Otis.[2]

---

[1] Se aclaró que no existía razón para posponer el dictar sentencia hasta la resolución final del pleito. Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Por ello esta sentencia advino final y firme a los treinta (30) días.

[2] El texto pertinente de la Sentencia Parcial de 26 de septiembre de 1991 es el siguiente:

"Conforme a las alegaciones y planteamientos de las partes se ha establecido, sin que se haya controvertido por ninguna de las partes, que la reclamación de la parte demandante contra la codemandada Otis Elevator Inc., es una por daños y perjuicios como resultado de ruina por vicios o defectos en la construcción del ascensor envuelto en este caso.

El Tribunal consider[ó] que [la acción] procede interponerse al amparo del *artículo 1483* [de Procedimiento Civil, 32 L.P.R.A. Ap. III]." (Énfasis en el original.)

Como resultado de dicha sentencia parcial, Vermil presentó otra solicitud de sentencia sumaria alegando que al haber sido exonerada la tercera demandante de responsabilidad, procedía la desestimación de la demanda de tercero instada por ésta en su contra. El tribunal de instancia dictó una resolución e indicó que a Vermil no le cobijaba el mencionado término de caducidad porque la responsabilidad que se le imputaba estaba basada en el pobre mantenimiento del ascensor, razón por la cual existía una controversia distinta que debía dilucidarse en una vista plenaria.

Vermil solicitó oportunamente la reconsideración y fundamentó su posición en su interpretación de la sentencia parcial en el sentido de que en la misma se había determinado que el accidente ocurrió como resultado de vicios de construcción, por lo que ese hecho no podía ser relitigado por constituir cosa juzgada. Invocó específicamente la doctrina de impedimento colateral por sentencia. El tribunal de instancia reconsideró su determinación, declaró con lugar la moción de sentencia sumaria presentada por Vermil y desestimó la demanda por razón de que "[h]abiendo progresado la defensa del tercer demandante en este caso, y siendo final y firme dicha liberación del tercer demandante según la Regla 43.5 de las de Procedimiento Civil, y no habiendo la parte demandante enmendado la demanda original para incluir como demandado el tercer demandado dentro del término que tenía para ello, procede entonces dictar sentencia ordenando el cierre y archivo de este caso en su totalidad". *Exhibit* 1, pág. 2.

Los demandantes presentaron la correspondiente moción de reconsideración, la cual no fue considerada. Así, recurren ante nos de dicha determinación. Ordenamos a la parte recurrida a mostrar causa por la cual no debíamos

---

*Exhibit* 12, págs. 70-71.

Es menester aclarar que dicho artículo ofrece la defensa de prescripción decenal a los contratistas y arquitectos (constructores) de un edificio con vicios de construcción.

revocar la sentencia desestimatoria. Así lo ha hecho dicha parte y ahora resolvemos.

## III

La parte recurrente ha señalado la comisión de los errores siguientes:

### PRIMER ERROR

E[rró] el [t]ribunal de instancia al declarar con lugar la Moción de Reconsideración de Vermil a base de lo dispuesto por la Regla 12.1 de las de Procedimiento Civil a los efectos de que "el tercer demandado podrá oponer contra el demandante cualquier defensa que el demandante contra tercero tuviese contra la reclamación del demandante".

### SEGUNDO ERROR

E[rró] el [t]ribunal de [i]nstancia al desestimar la demanda por no haber los demandantes enmendado la demanda original para incluir como demandado al tercer demandado. Solicitud de revisión, pág. 6.

## IV

■ La Regla 12.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, provee que "[e]l tercero demandado podrá oponer contra el demandante cualesquiera defensas que el demandante contra tercero tuviere contra la reclamación del demandante". Parecería lógico, pues, que Vermil pueda levantar como defensa la prescripción decenal del Art. 1483 del Código Civil, *supra*, como *contratista*. Sin embargo, a ésta no se le está imputando responsabilidad *como tal*.

Por lo tanto, no procede la defensa de cosa juzgada en su modalidad de impedimento colateral por sentencia para sostener la posición en que se ampara dicha tercera demandada.

A Otis se le imputó responsabilidad como constructor y a Vermil se le imputa responsabilidad *por el mantenimiento* del elevador. No concurren aquí identidad en la causa y calidad en que se demandó a Otis y la que propone Vermil. *Feliciano Ruiz v. Alfonso Develop. Corp.*, 96 D.P.R. 108 (1968); *Clínica Dr. Perea v. Hernández Batalla*, 85 D.P.R. 767, 770 (1962). Como alude Cuevas Segarra en su obra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1988, Vol. II, Cap. III, pág. 74, "[l]a determinación de si sobrevive o no una demanda contra tercero ... no es un ejercicio de lógica abstracta, sino *un análisis práctico de los hechos*". (Énfasis suplido.)

Está claro que en la Sentencia Parcial de 26 de septiembre de 1991 se dejó establecido que "*la reclamación de la parte demandante contra la codemandada Otis Elevator, Inc.*, es una por daños y perjuicios como resultado de ruina por vicios o defectos en la construcción del ascensor envuelto en este caso". (Énfasis suplido.) *Exhibit* 12, pág. 70. También dejó establecido que Otis fue llamada a responder *en calidad de constructor* bajo el Art. 1483 del Código Civil, *supra*. Esa, pues, es la *ley del caso* y nada ha alegado Vermil sobre el particular que justifique alterar ese estado de derecho. *Srio. del Trabajo v. Tribunal Superior*, 95 D.P.R. 136, 140 (1967). Nótese que en dicha sentencia no se pasa juicio respecto a la responsabilidad de Vermil por el mantenimiento del ascensor. Al ser dicha sentencia una parcial, es evidente que se reservó la cuestión de la posible responsabilidad por proveer un mantenimiento indebido para que se dirimiera posteriormente. Bajo tal situación de hechos no aplica la doctrina de cosa juzgada y su modalidad de impedimento colateral por sentencia.

Aunque la Regla 12.1 de Procedimiento Civil, *supra*, provee para que un tercer demandado —Vermil— pueda oponer contra el demandante las defensas que el demandante contra tercero —Otis— tuviese contra la reclamación del demandante original, ello no procede en las cir-

cunstancias particulares de este caso por razones obvias. La defensa del Art. 1483 del Código Civil, *supra*, puede ser invocada por el constructor de la obra (Otis), mientras lo que se le reclama a Vermil es responsabilidad por el *mantenimiento* . La interpretación hecha por el foro de instancia de la citada Regla 12.1 de Procedimiento Civil fue errónea.·

## V

■ El segundo error señalado también fue cometido. Como bien señala el comentarista Cuevas Segarra:

Respecto al tercero demandado el Tribunal Supremo ha resuelto que no es necesario hacer una enmienda formal para que un demandante pueda recobrar directamente de un tercero traído al pleito por el demandado y a quien el demandante nunca le reclamó. El demandante puede recobrar si la controversia en algún momento estuvo trabada entre él y el tercero demandado y éste tuvo oportunidad de defenderse. No existe término para enmendar la demanda. Cuevas Segarra, *op. cit.*, pág. 73. Véanse: *Parrilla García v. Fuentes Fluviales*, 92 D.P.R. 168, 176 (1965); *Viñas v. Pueblo Supermarket*, 86 D.P.R. 33 (1962); *Lameiro v. Dávila*, 103 D.P.R. 834, 843 (1975); *Torres Cruz v. Municipio de San Juan*, 103 D.P.R. 217, 219 (1975); *Vda. de Rivera v. Pueblo Supermarkets*, 102 D.P.R. 134, 137 (1974).

Por los fundamentos antes expuestos, *se dictará sentencia mediante la cual se expida el auto de revisión solicitado y se revoque la sentencia recurrida. Se ordenará la continuación de los procedimientos ante el tribunal de instancia en consonancia con lo aquí resuelto.*