EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Aileen Mercado Figueroa, por sí y en representación de su hijo menor de edad, J.W.C.M.<br><br>Demandantes-Peticionarios<br><br>v.<br><br>Municipio de San Juan y su compañía aseguradora, Admiral Insurance Company<br><br>Demandados-Terceros Demandantes<br><br>v.<br><br>Betteroads Asphalt Corporation<br><br>Terceros Demandados- Terceros<br><br>Demandantes-Recurridos<br><br>v.<br><br>Harry Auto Kool, Inc.<br><br>Terceros Demandados-Recurridos | Certiorari<br><br>2015 TSPR 14<br><br>192 DPR \_\_\_\_ |

Número del Caso: CC-2013-440

Fecha: 12 de febrero de 2015

Abogado de la Parte Peticionaria:

     Lcdo. Jaime E. Vázquez Morales

Abogado de la Parte Recurrida:

     Lcdo. José Davila Acevedo
     **Betteroads Asphalt Corporation**

Materia: Procedimiento Civil – Desestimación de causa de acción contra la parte demandada y su efecto sobre reclamación contra tercero demandado.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Aileen Mercado Figueroa, por sí y en representación de su hijo menor de edad, J.W.C.M.<br><br>   Demandantes-Peticionarios<br><br>v.<br><br>Municipio de San Juan y su compañía aseguradora, Admiral Insurance Company<br><br>Demandados-Terceros Demandantes<br><br>v.<br><br>Betteroads Asphalt Corporation<br><br> Terceros Demandados- Terceros<br><br>   Demandantes-Recurridos<br><br>v.<br><br>Harry Auto Kool, Inc.<br><br> Terceros Demandados-Recurridos | CC-2013-0440 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 12 de febrero de 2015

En esta ocasión nos corresponde determinar si, una vez desestimada una causa de acción contra la parte demandada, es dable que el pleito continúe entre la parte demandante y el tercero demandado, aun cuando la parte demandante no enmendó la demanda para incluir a éste en el pleito.

I

El 10 de diciembre de 2008, Aileen Mercado Figueroa, por sí y en representación de su hijo menor de edad, J.W.C.M. (parte demandante), presentó una demanda por daños

y perjuicios contra el Municipio de San Juan y su compañía aseguradora, Admiral Insurance Company (Admiral). En ésta, alegó que su hijo sufrió múltiples daños como consecuencia de un accidente ocurrido mientras éste manejaba su motora en la Urbanización Park Gardens, en San Juan. Además, le imputó negligencia al Municipio de San Juan por no mantener en condiciones adecuadas el pavimento y por ni siquiera colocar avisos que anunciaran los desperfectos en la carretera.

El Municipio de San Juan, por su parte, contestó oportunamente la demanda y negó su responsabilidad. En síntesis, arguyó que los responsables de los presuntos daños fueron la propia parte demandante y/o "un tercero". Por tanto, el 26 de enero de 2010, presentó una demanda contra tercero, trayendo al pleito a Betteroads Asphalt Corporation (Betteroads). Alegó, pues, que ésta tenía el control de la carretera donde ocurrió el accidente, razón por la cual le era *directamente responsable* a la parte demandante por cualquier daño sufrido.

Betteroads contestó la demanda contra tercero negando, igualmente, su responsabilidad. En su contestación, no sólo se limitó a refutar las alegaciones del Municipio de San Juan, sino que también refutó las alegaciones de la parte demandante, contenidas en la demanda original. Entre otros particulares, levantó contra la parte demandante un sinnúmero de defensas afirmativas.

Posteriormente, el 18 de julio de 2011, Betteroads presentó demanda contra tercero en contra de Harry Auto

Kool, Inc. (Harry Auto), imputándole a ésta el control de la carretera en donde presuntamente ocurrió el accidente que origina la controversia que nos ocupa. Asimismo, argumentó que Harry Auto le era *directamente responsable* a la parte demandante y, en la alternativa, *indirectamente* responsable ante Betteroads, por cualquier suma que ésta tuviera que pagarle a la parte demandante.

Trabada la controversia en estos términos, el Tribunal de Primera Instancia, durante una vista sobre el estado de los procedimientos, a instancia de Betteroads, le anotó la rebeldía a Harry Auto, puesto que ésta no compareció, a pesar de haber sido debidamente emplazada. Por otro lado, el 7 de febrero de 2012, el Municipio de San Juan presentó una moción de desestimación, bajo el fundamento de que la parte demandante incumplió con el requisito de notificar a la entidad municipal de la causa de acción en su contra dentro de los noventa (90) días desde que advino en conocimiento de los presuntos daños. Esto, según dispone el artículo 15.003 de la Ley de Municipio Autónomos, Ley Núm. 81 de 30 de agosto de 1991, 21 L.P.R.A. sec. 4703.[1] El foro primario acogió la moción en cuestión y, en consecuencia, desestimó la causa de acción contra el Municipio de San Juan. La parte demandante no se opuso a la desestimación ni recurrió del dictamen.

---

[1] Valga señalar que el 21 de mayo de 2012, el foro primario, atendiendo una moción de sentencia sumaria parcial presentada por Admiral, desestimó la causa de acción contra ésta, puesto que se había agotado el agregado combinado de la póliza que cobijaba al Municipio de San Juan. *Sentencia Sumaria Parcial*, Apéndice, págs. 18-37.

Luego, el 31 de mayo de 2012, el Municipio de San Juan presentó ante el Tribunal de Primera Instancia un aviso de desistimiento, a través del cual informó su intención de desistir de su reclamación en contra del tercero demandado, Betteroads. El foro primario autorizó el desistimiento con perjuicio. Además, dio por desistida la demanda instada por Betteroads contra Harry Auto, por entender que ésta era una reclamación contingente. La parte demandante solicitó una reconsideración, la cual el foro primario declaró no ha lugar.

Posteriormente, la parte demandante presentó un recurso de apelación ante el Tribunal de Apelaciones. En éste, alegó que el foro primario erró al haber autorizado el desistimiento presentado por la parte demandada –el Municipio de San Juan– a favor del tercero demandado, Betteroads. Además, cuestionó la determinación de dicho foro en tanto desestimó la demanda instada contra Harry Auto por entender que ésta era contingente a la demanda desistida por el Municipio de San Juan.

Luego de los trámites apelativos de rigor, el foro apelativo intermedio confirmó al Tribunal de Primera Instancia. En síntesis, aplicando la norma establecida por este Tribunal en *Guzmán Adorno v. Otis Elevator, Inc. et al.*, 135 D.P.R. 296 (1994), determinó que nunca se trabó una controversia entre la parte demandante y el tercero demandado, razón por la cual procedía autorizar el desistimiento. Asimismo, razonó que la demanda contra Harry

Auto debía ser desestimada, puesto que ésta era contingente a la demanda instada contra Betteroads.

Inconforme, el 5 de junio de 2013, la parte demandante recurrió ante este Tribunal aduciendo los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Apelaciones al confirmar lo resuelto por el [Tribunal de Primera Instancia], autorizando el desistimiento presentado por la parte demandada a favor del tercero demandado, dando por desistida, a su vez, la demanda contra tercero entablada por este último.

> Erró el Honorable Tribunal de Apelaciones al determinar que nunca existió una controversia trabada entre la parte demandante y los terceros demandados.

> *Certiorari*, pág. 5.

Habiendo consignado los hechos indispensables para la dilucidación de la controversia que nos ocupa, procedemos a pautar el derecho aplicable.

## II

La figura procesal de la demanda contra tercero, ante todo, "establece[] un mecanismo para facilitar la resolución pronta y económica de pleitos múltiples que puedan surgir de unos mismos hechos". Javier A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño* 121 (1ra ed. rev. 2012) (citas omitidas). La misma está regulada por la Regla 12.1 de las de Procedimiento Civil, la cual, en lo pertinente al caso que nos ocupa, dispone:

> La parte demandada podrá notificar, como demandante contra tercero, un emplazamiento y demanda a una persona que no sea parte en el pleito y que sea o pueda ser responsable a la parte demandada por la totalidad o parte de la reclamación de la parte demandante, o que sea o

pueda ser responsable a cualquier parte en el pleito.
[. . . .]

La persona así emplazada, quien en lo sucesivo se denominará "tercero(a) demandado(a), presentará sus defensas a la reclamación del(de la) demandante contra tercero según se dispone en la Regla 10 de este apéndice, y presentará su reconvención a la reclamación del(de la) demandante contra tercero y las reclamaciones contra coparte que tenga contra cualquier otro(a) tercero(a) demandado(a) según se dispone en la Regla 11 de este apéndice.

El(La) tercero(a) demandado(a) podrá oponer contra la parte demandante cualesquiera defensas que el(la) demandante contra tercero tenga contra la reclamación de la parte demandante. El(La) tercero(a) demandado(a) podrá también presentar contra la parte demandante cualquier reclamación que surja del acto, de la omisión o del evento que motive su reclamación original en el pleito y el(la) tercero(a) demandado(a) deberán, entonces, presentar sus defensas como se dispone en la Regla 10 de este apéndice y su reconvención y reclamaciones contra coparte según se dispone en la Regla 11 de este apéndice.

Cualquier parte podrá solicitar que se le separe, que se le conceda un juicio por separado o la desestimación de la reclamación contra tercero, y el tribunal podrá dictar sentencia bien sobre la reclamación original o sobre la reclamación contra tercero solamente de acuerdo con la Regla 42.3 de este apéndice. Un(a) tercero(a) demandado(a) podrá proceder de acuerdo con esta Regla 12 de este apéndice contra cualquier persona que no sea parte en el pleito y que sea o pueda serle responsable o a cualquier litigante en el pleito por la totalidad o parte de la reclamación hecha en el pleito.

Reglas de Procedimiento Civil, R. 12.1, 32 L.P.R.A. Ap. V., R. 12.1.[2]

---

[2] Nótese, además, que la misma Regla 12.1 de las de Procedimiento Civil dispone el término en que podrá presentarse la demanda contra tercero sin permiso del tribunal, a saber, "treinta (30) días contados a partir de la fecha de la presentación de la contestación a la demanda o de la réplica a una reconvención". Reglas de Procedimiento Civil, R. 12.1, 32 L.P.R.A. Ap. V, R. 12.1. Asimismo, la Regla 12.2 dispone cuándo el demandante podrá hacer parte a un tercero; ello, de ordinario, cuando se presente contra el demandante alguna reclamación. Véase Reglas de Procedimiento Civil, R. 12.2, 32 L.P.R.A. Ap. V, R. 12.2.

Como se observa, la regla procesal en cuestión contempla un complejo mecanismo a través del cual las diversas partes involucradas pueden vindicar cabalmente sus derechos, si bien circunscritos a los hechos del pleito original. Así, de nuevo, no cabe duda de que "[e]l propósito específico de la Regla 12.1 de Procedimiento Civil es establecer un mecanismo para facilitar la resolución pronta y económica de pleitos múltiples que puedan surgir de unos mismos hechos. La regla no crea, extiende o limita derechos sustantivos. Lo que hace es acelerar su dilucidación. La regla debe ser interpretada liberalmente". Jose A. Cuevas Segarra, *Tratado de Derecho Procesal Civil* 580, T. II (2da ed. 2011) (citando a *Gen. Accident v. Ramos Díaz*, 148 D.P.R. 523, 534 (1999); *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20, 28 (1986)). Véase, además, *Parrilla García v. Fuentes Fluviales*, 92 D.P.R. 168, 176 (1965). En esencia, de lo que se trata es que entre la reclamación del demandante y el tercero demandado haya un entronque común. *Cf. Ramos Díaz*, 148 D.P.R. en la pág. 536.

De otra parte, la interpretación liberal de la regla que nos ocupa propende a conciliar ésta con el principio cardinal que informa nuestro ordenamiento procesal civil, el cual dispone que las diversas reglas procesales "[s]e interpretarán de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento". Reglas de Procedimiento Civil, R. 1, 32 L.P.R.A. Ap. V, R. 1. Véase *Lugo Ortiz v. Ferrer*,

85 D.P.R. 862, 867 (1962); Cuevas Segarra, *supra*, T. I, pág. 37. Cónsono con lo anterior, "uno de los propósitos fundamentales de las Reglas es acelerar los procedimientos civiles". Cuevas Segarra, *supra*, T. I, pág. 37 (citando a *Sucn. Guerra v. Sánchez*, 71 D.P.R. 807, 811 (1950)). Por tanto, "[p]ara cumplir a cabalidad con los propósitos de nuestro ordenamiento procesal, se requiere un enfoque integral, pragmático y creativo". *Pérez Pascual v. Vega Rodríguez*, 124 D.P.R. 529, 542 (1989); véase, además, *Neptune Packing Corp. v. Wackenhut Corp.*, 120 D.P.R. 283, 288 (1988).

En el pasado, este Tribunal ha dicho que

> Nada hay en la Regla 12.1 que requiera una enmienda formal de las alegaciones por parte del demandante para que éste pueda deducir su reclamación contra el tercero demandado. Si **por virtud de las alegaciones una contienda queda trabada entre el demandante y el tercero demandante y durante la vista del caso el demandante presenta prueba contra el tercero demandado y éste tiene oportunidad de contrainterrogar los testigos y presentar prueba en contrario, las alegaciones deben considerarse enmendadas a los efectos de establecer una reclamación directa del demandante contra el tercero demandado.**

> *Parrilla García*, 92 D.P.R. en la pág. 176 (énfasis suplido).[3]

---

[3] Si bien la jurisprudencia citada se refiere a nuestro ordenamiento procesal civil anterior, la misma sigue teniendo vigencia, dado que los principios cardinales que lo informan siguen siendo los mismos, esto es, procurar una solución justa, rápida y económica de las controversias que penden ante los foros judiciales del País. Para un breve recuento histórico de la figura de la demanda contra tercero en nuestro ordenamiento, véase Antonio García Padilla, *Procedimiento Civil*, 64 Rev. Jur. U.P.R. 936, 936-943 (1995).

Lo esencial, pues, es que entre el demandante y el tercero demandado, efectivamente, se trabe una controversia. Ello, usualmente, se logrará a través de las alegaciones y la prueba presentada. Será fundamental, además, que el tercero demandado tenga oportunidad de "contrainterrogar los testigos [de la parte demandante] y presentar prueba en contrario", *Parrilla García*, 92 D.P.R. en la pág. 176. Véase, además, *Viñas v. Pueblo Supermarket*, 86 D.P.R. 33, 35 (1962). De esta forma se le garantiza su debido proceso de ley al tercero demandado y se evita situarlo en un estado de indefensión ante las contenciones de la parte demandante.

Entonces, cuando efectivamente se traba una controversia entre el demandante y el tercero demandado, la demanda se habrá de considerar enmendada a la luz de las alegaciones hechas por el tercero demandado y la prueba presentada tanto por el demandante como por el propio tercero demandado. *Lameiro v. Dávila*, 103 D.P.R. 834, 843 (1975) (citando a *Parilla García*, 92 D.P.R. en la pág. 176). Después de todo, "[l]a Regla 12.1 debe interpretarse a la luz de lo dispuesto en la 13.2", *Parrilla García,* 92 D.P.R. en la pág. 176, la cual provee para conformar las alegaciones con la prueba presentada. Reglas de Procedimiento Civil, R. 13.2, 32 L.P.R.A. Ap. V, R. 13.2. En aras de despejar cualquier duda, es menester señalar que lo anterior presupone que las partes participaron en una vista en la que, justamente, pudieron presentar prueba.

Sin embargo, ha de tenerse en cuenta que la celebración de una vista, y la presentación de prueba que ésta supone, no siempre ha de ser indispensable para que pueda colegirse que una controversia ha quedado trabada entre el demandante y el tercero demandado. Así, bien puede haber situaciones en las que, aun sin haberse presentado prueba, las alegaciones del tercero demandado respecto a las del demandante, así como sus actuaciones, permitan inferir que, en efecto, se ha trabado una controversia entre éstos. Ello, puesto que "[l]a determinación de si sobrevive una demanda contra tercero . . . no es un ejercicio de lógica abstracta, sino un análisis práctico de los hechos". *A.A.A. v. Builders Ins. Co.*, 115 D.P.R. 57, 60 (1984). Más aun, dicho análisis deberá tomar en consideración los principios que informan nuestras reglas procesales. Es decir, deberán dar cuenta del interés público en que los pleitos se tramiten de forma justa, rápida y económica,[4] y, además, de la política judicial que impera en nuestro ordenamiento, según la cual se favorece que los casos se ventilen en los méritos. *Amaro González v. First Fed. Savs.*, 132 D.P.R. 1042, 1052 (1993); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 D.P.R. 115, 125 (1992); Cuevas Segarra, *supra*, T. I. pág. 40.

---

[4] Las "Reglas [de Procedimiento Civil] son el instrumento mediante el cual el Estado garantiza la tutela efectiva de todas las personas sujetas a su jurisdicción. Los preceptos procesales son de *orden público* porque establecen la estructura jurisdiccional en la consecución de una justicia civil, efectiva, rápida y económica dentro del marco de la igualdad procesal de todas las partes involucradas en el proceso". Cuevas Segarra, *supra*, T. I, pág. 31 (énfasis suplido).

Circunscribiéndonos a la controversia puntual que nos ocupa –esto es, si, una vez desestimada una causa de acción contra la parte demandada, es dable que el pleito continúe entre la parte demandante y el tercero demandado, aun cuando la demanda no se enmendó formalmente-, en *Guzmán Adorno*, este Tribunal, citando con aprobación al tratadista José A. Cuevas Segarra, señaló que

> [r]especto al tercero demandado el Tribunal Supremo ha resuelto que no es necesario hacer una enmienda formal para que un demandante pueda recobrar directamente de un tercero traído al pleito por el demandado y a quien el demandante nunca le reclamó. El demandante puede recobrar si la controversia en algún momento estuvo trabada entre él y el tercero demandado y éste tuvo oportunidad de defenderse. No existe término para enmendar la demanda.
>
> *Guzmán Adorno*, 135 D.P.R. en la pág. 302 (citando a José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil* 74, Vol. II (1988)). Véase *Parrilla García*, 92 D.P.R. en la pág. 176; *Viñas*, 86 D.P.R. 33; *Lameiro*, 103 D.P.R. en la pág. 843; *Vda. de Rivera v. Pueblo Supermarkets*, 102 D.P.R. 134, 137 (1974); *Torres Cruz v. Municipio de San Juan*, 103 D.P.R. 217, 219 (1975).[5]

---

[5] Cabe destacar, además, que incluso antes de las Reglas de Procedimiento Civil actuales ya este Tribunal había identificado una serie de situaciones en las que la demanda podría considerarse tácitamente enmendada, puesto que se había trabado una controversia entre el demandante y el tercero demandado. A saber:

> Tales normas podrían resumirse así: Aun cuando el demandante no hubiera enmendado la demanda, la misma se entendía enmendada:
>
> (1)    cuando el tercero demandado formulaba alegaciones contra la demanda original. *Viñas v. Pueblo Supermarkets,* 86 D.P.R. 33 (1962) (Dávila);
>
> (2)    cuando en la vista del caso, el demandante presentaba prueba contra el tercero demandado, y éste tenía la oportunidad de contrainterrogar a los testigos y presentar prueba en contrario. *Parrilla García v. A.F.F.,* 92 D.P.R. 168 (1965) (Dávila);

Por ende, después de *Guzmán Adorno* es indudable que un demandante podrá proseguir su causa de acción contra un tercero demandado si entre éstos, efectivamente, se trabó una controversia, aun cuando el demandante no hubiera enmendado formalmente la demanda. Para ello, pues, y en atención a las diversas normas y principios discutidos, será preciso evaluar las circunstancias particulares del caso con tal de determinar si se suscitó una situación de adversidad procesal que amerite continuar ventilando la causa. No debe olvidarse que las Reglas de Procedimiento Civil

> no tienen vida propia; [éstas] sólo existen para viabilizar la consecución del Derecho sustantivo de las partes. Para lograr implantar justicia al resolver los reclamos de las partes, el tribunal debe hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución justa, rápida y económica de la controversia.

> Cuevas Segarra, *supra*, T. I, págs. 39-40.

Recuérdese, además, que "[l]os principios procesales no deben ser instrumentos débiles dominados por fórmulas que deben seguirse literalmente. Un sistema procesal oneroso tiende únicamente a combatir el verdadero propósito de un

---

(3)      cuando mediase una estipulación de hechos en que interviniese el tercero demandado, y surgiese claramente la responsabilidad de éste. *Vda. de Rivera v. Pueblo Supermarkets,* 102 D.P.R. 134 (1974) (Dávila, en reconsideración); o

(4)      cuando concurriese cualquier otra circunstancia que demostrase que la contienda hubiese quedado trabada entre el demandante y el tercero demandado. *Parrilla García v. A.F.F., supra*.

Cuevas Segarra, *supra*, T. II, pág. 576.

pleito". Cuevas Segarra, *supra*, T. I, pág. 37 (citando a *Vda. de Rivera*, 102 D.P.R. en la pág. 139).

### III

En su contestación a la demanda contra tercero incoada por el Municipio de San Juan, Betteroads no sólo se limitó a refutar las alegaciones del tercero demandante, sino que respondió, también, a las alegaciones de la parte demandante. *Contestación a Demanda Contra Tercero*, Apéndice, págs. 10-12. Durante la tramitación del pleito, además, Betteroads depuso al menor codemandante, J.W.C.M., y a otros tres testigos. Apéndice, págs. 98-101. De igual forma, gestionó la preparación de un informe pericial en relación al presunto accidente que originó el pleito que nos ocupa. Apéndice, pág. 102.

Dado lo anterior, es innegable que, conforme a las normas y principios jurídicos antes discutidos, en efecto, se trabó una controversia entre las partes. Tal adversidad, a lo sumo, amerita concederle a la parte demandante la oportunidad de presentar prueba o, si lo estimara conveniente, enmendar la demanda, para lo cual no hay término taxativamente establecido en nuestro ordenamiento.[6]

---

[6] Es preciso destacar que la ausencia de término para enmendar la demanda, en ciertas situaciones, puede ocasionar problemas en la eficiente tramitación del caso. Después de todo, contra las alegaciones "se determina nada menos que la propia pertinencia del descubrimiento de prueba y del desfile oportuno de ésta en el juicio". García Padilla, *supra*, pág. 943. Así, si bien no es dispositivo el hecho de que el demandante enmiende o no sus alegaciones, la mejor práctica es que el demandante diligentemente procure hacer las enmiendas que correspondan. En casos como el de autos, sin embargo, en los que se desestime la acción contra el demandado/tercero demandante sin que se hubiere

De esta forma, se acata la vigorosa política judicial imperante en nuestro ordenamiento, según la cual se favorece la dilucidación de los casos en los méritos.

Así las cosas, el Tribunal de Primera Instancia erró al autorizar el desistimiento de la demanda incoada contra Betteroads. Asimismo, por las normas y principios previamente discutidos, erró el foro primario al desestimar automáticamente, por considerarla contingente, la demanda contra tercero presentada por Betteroads contra Harry Auto, a quien se le había anotado la rebeldía.

IV

En mérito de lo antes expuesto, procede revocar la sentencia del Tribunal de Apelaciones y devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí dispuesto.

Se dictará sentencia de conformidad.

Anabelle Rodríguez Rodríguez
Juez Asociada

---

enmendado formalmente la demanda, el foro primario, en vez de desestimar automáticamente la causa de acción contra el tercero demandado, deberá concederle al demandante un término razonable para que éste realice las enmiendas de rigor, so pena de desestimación. García Padilla, *supra*, pág. 943. De esta forma, a nuestro juicio, se concilian los diversos intereses en pugna y se propende a la eficaz tramitación de los pleitos en nuestro ordenamiento jurídico.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Aileen Mercado Figueroa, por sí y en representación de su hijo menor de edad, J.W.C.M.<br><br>Demandantes-Peticionarios<br><br>v.<br><br>Municipio de San Juan y su compañía aseguradora, Admiral Insurance Company<br><br>Demandados-Terceros Demandantes<br><br>v.<br><br>Betteroads Asphalt Corporation<br><br>Terceros Demandados- Terceros Demandantes-Recurridos<br><br>v.<br><br>Harry Auto Kool, Inc.<br><br>Terceros Demandados-Recurridos | CC-2013-0440 |

SENTENCIA

San Juan, Puerto Rico a 12 de febrero de 2015

Por los fundamentos expuestos en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, se dicta Sentencia y se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí dispuesto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre, ya que la controversia del caso de epígrafe fue resuelta en Guzmán v. Otis Elevator, Inc. et al., 135 D.P.R. 296 (1994). Véanse, además, A.A.A. v. Builders Ins. Co., Etc., 115 D.P.R. 57 (1984); Lameiro v. Dávila, 103 D.P.R. 834 (1975); Vda. de Rivera v. Pueblo Supermarkets, 102 D.P.R. 134 (1974); Parrilla García v. Fuentes Fluviales, 92 D.P.R. 168 (1965). La Jueza Asociada señora Pabón Charneco concurre con el resultado anunciado ya que considera que no es necesario emitir una Opinión del Tribunal para atender una controversia que ya fue resuelta hace dos décadas en Guzmán v. Otis Elevator, Inc., et al., 135 D.P.R. 296 (1994). El Juez Asociado señor Rivera García concurre sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo