Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CARMEN E. MARTÍNEZ BARROSO<br><br>Recurrida<br><br>v.<br><br>EDGAR ÁLVAREZ DEL MANZANO ORTIZ<br><br>Peticionario | KLCE202400243 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.:<br>BY2023RF01952<br><br>Sobre: Custodia – Monoparental o Compartida |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de abril de 2024.

Comparece ante nos el señor Edgar Álvarez del Manzano Ortiz ("señor Álvarez del Manzano Ortiz" o "Peticionario") mediante *Recurso de Certiorari* presentado el 28 de febrero de 2024. Nos solicita que revoquemos una *Orden* emitida y notificada el 4 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). Mediante la referida determinación, el foro primario impuso una anotación de rebeldía al Peticionario. Oportunamente, éste presentó *Moción de Reconsideración de Anotación de Rebeldía*. Evaluados sus argumentos, el 29 de enero de 2024, el foro *a quo* emitió una *Resolución* declarando *No Ha Lugar* la reconsideración solicitada.

Por los fundamentos expuestos a continuación, **expedimos** el auto de *certiorari* y **revocamos** el dictamen recurrido.

### I.

El **3 de noviembre de 2023**, la señora Carmen E. Martínez Barroso ("señora Martínez Barroso" o "Recurrida") instó una *Demanda de Custodia, Relaciones Filiales y Alimentos* contra el

señor Álvarez del Manzano Ortiz.[1] En síntesis, alegó que es tía de la menor A.A.D.M., quien se encuentra bajo su cuidado tras el fallecimiento de su madre. Contextualizó que el padre de ésta enfrenta un caso por presuntos actos lascivos. Ante tales circunstancias, solicitó la custodia exclusiva de la menor.

El **4 de diciembre de 2023**, un alguacil emplazó personalmente al Peticionario. En consecuencia, el **27 de diciembre de 2023**, la Recurrida presentó una *Moción Sometiendo Documento en el Sistema Unificado de Manejo y Administración de Casos (SUMAC)*.[2] En este documento, acreditó el diligenciamiento del emplazamiento.

Sin comparecer aún el demandado, el **4 de enero de 2024**, el Tribunal de Primera Instancia emitió una *Orden,* notificada ese mismo día, imponiéndole una anotación de rebeldía.[3] Inconforme con tal dictamen, el **9 de enero de 2024**, el Peticionario sometió una *Moción Asumiendo Representación Legal; Moción de Reconsideración de Anotación de Rebeldía y Solicitando Traslado*.[4] En lo concerniente, especificó que el **4 de diciembre de 2023** fue emplazado. Señaló que el foro primario emitió la anotación de rebeldía exactamente el día en que venció el término para presentar su alegación responsiva. Puntualizó, además, que no ha actuado con temeridad ni ha abusado de los derechos procesales y sustantivos que le asisten. A la luz del trámite procesal del caso, peticionó dejar sin efecto la anotación de rebeldía. Consecuentemente, el 10 de enero de 2024, el foro primario emitió una *Resolución y Orden,* requiriendo a la parte Recurrida presentar su réplica dentro del término de diez (10) días.[5]

---

[1] Apéndice de Peticionario, págs. 1-4.
[2] Íd., págs. 5-6.
[3] Íd., pág. 7
[4] Íd., págs. 8-14.
[5] Íd., pág. 17.

El **25 de enero de 2024**, el Peticionario presentó una *Moción para que Se Dé por Sometida y Declare Con Lugar la Reconsideración y Ordene el Traslado*.[6] Entre otros extremos, señaló que la Recurrida no cumplió con la *Orden,* ni presentó prórroga para someter su respuesta. En vista de lo anterior, nuevamente solicitó dejar sin efecto la anotación de rebeldía. Tras evaluar sus argumentos, el **29 de enero de 2024**, el tribunal recurrido emitió una *Resolución*, notificada ese mismo día, declarando *No Ha Lugar* a la petición de reconsideración.[7]

Eventualmente, el **6 de febrero de 2024**, el Peticionario presentó una *Moción Solicitando Aclaración de Resolución*.[8] En particular, requirió al tribunal especificar cuál de los remedios solicitados declaró *No Ha Lugar*. Luego de examinar su solicitud, el **12 de febrero de 2024**, el foro *a quo* emitió una *Resolución,* notificada el **13 de febrero de 2024**. En ese dictamen, resolvió que "[l]a determinación del tribunal atiende las solicitudes que surgen del escrito".[9]

Insatisfecho aun, el **28 de febrero de 2024**, el señor Álvarez del Manzano Ortiz acudió ante nos mediante un *Recurso de Certiorari*. En su escrito, formuló el siguiente señalamiento de error:

> ERRÓ EL TPI AL DENEGAR ARBITRARIAMENTE LA SOLICITUD DE DEJAR SIN EFECTO LA ANOTACIÓN DE REBELDÍA SIN APLICAR LOS REQUISITOS ESENCIALES PARA EJERCER LA DISCRECION JUDICIAL: 1) BUENAS DEFENSAS DEL PETICIONARIO-DEMANDADO; 2) SI SE OCASIONARÍA PERJUICIOS; 3) SI HA MEDIADO ÁNIMO CONTUMAZ O TEMERARIO DEL PETICIONARIO-DEMANDADO.

El **1 de marzo de 2024**, esta Curia emitió una *Resolución* concediendo a la parte Recurrida un término de diez (10) días para que se expresara en torno al recurso presentado. Ante el incumplimiento de la parte Recurrida, procedemos a resolver la

---

[6] Íd., págs. 18-19.
[7] Íd., pág. 20.
[8] Íd., págs. 21-22.
[9] Íd., pág. 23.

controversia ante nuestra consideración sin el beneficio de su comparecencia.

## II.

### A. *Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc.,* 212 DPR ___ (2023); 2023 TSPR 65 resuelto el 8 de mayo de 2023. Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del

Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Discreción judicial

La discreción judicial es el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 273 (2021); *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Su ejercicio está atado

inexorablemente al concepto de la razonabilidad. *Ramírez v. Policía de P. R.,* 158 DPR 320, 340 (2002). Ahora bien, la discreción judicial no es irrestricta. **Por tanto, los tribunales no puedan actuar de una forma u otra en abstracción del resto del derecho.** *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc., supra.*

El ejercicio discrecional es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Ramírez v. Policía de P. R., supra*, pág. 339. En ese sentido, el Tribunal Supremo de Puerto Rico ha resuelto que la discreción judicial cede:

> cuando no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; o cuando, [...] [tras] considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *Banco Popular de Puerto Rico v. Gómez Alayón y otros, supra.*

Los escenarios descritos constituyen aquellas circunstancias "donde la discreción del juzgador de primera instancia no condujo a una determinación razonable". *W.M.M., P.F.M. et al. v. Colegio et al.*, 211 DPR 871 (2023). En tales casos, **los foros apelativos ostentamos facultad para revisar aquel error derivado de "la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo".** *Banco Popular de Puerto Rico v. Gómez Alayón y otros, supra; Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

No obstante, los tribunales revisores no debemos intervenir **en las determinaciones de hechos del tribunal de instancia**, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". (Énfasis nuestro). *Citibank et al. v. ACBI et al., supra.* Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

### C. Anotación de rebeldía

La anotación de rebeldía es un mecanismo procesal que procura "disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación". *González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062, 1069 (2019); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). A esos efectos, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, delimita los escenarios para ordenar la anotación de rebeldía, estableciendo lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

> **El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).**

> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía. (Énfasis suplido).

De conformidad con la Regla antes citada, el tribunal puede ordenar la anotación cuando la parte demandada: (1) no comparece después de haber sido emplazado, (2) no se defiende mediante moción (3) ni presenta oportunamente la contestación a la demanda. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc. y otros*, 212 DPR ___ (2023); 2023 TSPR 110, resuelto el 12 de septiembre de 2023; *Rivera Figueroa v. Joe's European Shop, supra*, pág. 589. De igual manera, procede la anotación cuando "una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía como sanción". *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).

Una vez el tribunal anota la rebeldía, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se

haya formulado en contra del rebelde, y se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc. y otros, supra.* Este mecanismo brinda un remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse. *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005).

Ahora bien, los tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. *Álamo v. Supermercado Grande, Inc., supra*, pág. 102. **La anotación de rebeldía se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción**. (Énfasis nuestro). *Rivera Figueroa v. Joe's European Shop, supra*, pág. 590. **Aunque la rebeldía constituye un mecanismo procesal discrecional, ésta no se sostendrá ante el ejercicio burdo o injusto**. *Íd.* (Énfasis nuestro).

Existen diversas vías procesales para dejar sin efecto una anotación de rebeldía dictada erróneamente. En primer lugar, la parte interesada puede solicitar el levantamiento de la anotación al amparo de la Regla 45.1 de Procedimiento Civil, *supra*. En *Rivera Figueroa v. Joe's European Shop, supra,* el Máximo foro delineó la siguiente interpretación en torno a la aludida regla:

> **[S]i un codemandado a quien se le anota la rebeldía por alegadamente no haber contestado en el término, puede probar que sí había contestado y que la anotación de la rebeldía en su contra obedeció a una confusión por parte del Secretario o la Secretaria ante los múltiples codemandados en el expediente, su remedio es, de igual manera, solicitar que se levante la rebeldía por error en la implementación de la Regla 45.1 de Procedimiento Civil,** *supra*. **Esto es, la parte no dejó de presentar alegaciones o de defenderse, sino que la anotación obedeció a un error del tribunal.** (Énfasis nuestro).

En estos casos, el "fundamento en derecho para lograr tal levantamiento sería el incumplimiento por parte del promovente con

la Regla 45.1 de Procedimiento Civil, *supra".* *Íd.* Además, no tiene que demostrar la existencia de causa justificada. *Íd.*

De otro lado, la Regla 45.3 de Procedimiento Civil, *supra*, R. 45.3, establece que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2". En tales escenarios, la parte puede presentar evidencia circunstancial que a juicio del tribunal justifique la dilación, o se pueda probar que tiene buenas defensas en sus méritos y que el grado de perjuicio que puede ocasionarse a la otra parte con relación al proceso es mínimo. J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra. ed. rev., Colombia, 2012, pág. 287. Véase, además, *Rivera Figueroa v. Joe's European Shop, supra*, pág. 593.

La norma imperante favorece que la precitada regla se interprete de manera liberal. *Rivera Figueroa v. Joe's European Shop, supra*, pág. 592. Por lo oneroso y drástico que resulta sobre las partes demandadas o querelladas un dictamen en rebeldía, el ordenamiento ha establecido que **cualquier duda se deberá resolver a favor del que solicita que se deje sin efecto la anotación de rebeldía, a fin de que el caso pueda verse en los méritos**. *J.R.T. v. Missy Mfg. Corp.,* 99 DPR 805, 811 (1971). Ello, a su vez, propicia un "enfoque integral, **pragmático** y creativo" de las Reglas de Procedimiento Civil. *Mercado Figueroa v. Mun. San Juan,* 192 DPR 279, 286 (2015). Consecuentemente, se salvaguarda el debido proceso de ley de las partes, cuya finalidad permite que las personas tengan derecho a un proceso justo con todas las garantías de ley aplicables. *St. James Security Services, LLC v. Autoridad de Energía Eléctrica,* 213 DPR ___ (2023); 2023 TSPR 149 resuelto el 22 de diciembre de 2023.

**III.**

En el presente caso, el señor Álvarez del Manzano Ortiz argumenta que incidió el foro primario al imponerle una anotación en rebeldía. En particular, arguye que erró al no examinar el comprobante electrónico, cuyo contenido evidencia que su primera comparecencia quedó registrada el 4 de enero de 2024.[10] Ante tales alegaciones, solicita dejar sin efecto la anotación de rebeldía.

Tras evaluar sosegadamente el expediente ante nuestra consideración, resolvemos que incidió el Tribunal de Primera Instancia al ordenar la anotación de rebeldía. El remedio decretado constituye una medida extrema, contraria al principio que favorece la solución justa, económica y rápida de los procedimientos. Véase, Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1. Además, priva al Peticionario de su derecho a un día en corte en contravención al debido proceso de ley.

Surge del expediente que el Peticionario recibió el emplazamiento de la demanda el **4 de diciembre de 2023**. Transcurrido el término para presentar su alegación responsiva, el **4 de enero de 2024, el foro primario, automáticamente, le impuso la anotación de rebeldía**. En consecuencia, el 9 de enero de 2024, el Peticionario presentó su *Moción Asumiendo Representación Legal; Moción de Reconsideración de Anotación de Rebeldía y Solicitando Traslado*.[11] En este escrito, advirtió que el 4 de enero de 2024 intentó presentar una *Moción Solicitando Prórroga y Traslado a Tribunal de Caguas*, sin embargo, ésta no quedó sometida por problemas técnicos con el Sistema Unificado del Manejo y Administración de Casos (SUMAC).[12]

---

[10] Escrito de *Certiorari*, pág. 10 y Apéndice de Peticionario, págs. 16
[11] Apéndice de Peticionario, págs. 8-14.
[12] Apéndice de Peticionario, págs. 9 y 12.

Ante las circunstancias expuestas, no contemplamos un escenario de pasividad o dejadez, que ameritase dictar la anotación de rebeldía. En específico, no identificamos un contexto de incomparecencia o incumplimiento de orden judicial por parte del Peticionario. Por tanto, el foro *a quo* incurrió en abuso de discreción al no levantar la anotación de rebeldía, y consecuentemente, emitir un dictamen en abstracción de los criterios establecidos en la Regla 45.1 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.

Recordemos, pues, que la anotación de rebeldía constituye una sanción extrema aplicable exclusivamente a aquellas situaciones en las que una parte incurra en dilación como estrategia de litigación. *González Pagán et al. v. SLG Moret-Brunet, supra.* **Adviértase que este mecanismo debe activarse en circunstancias meritorias dentro de un marco de justicia. De lo contrario, una anotación de rebeldía sin un análisis ponderado implica severas consecuencias sobre el debido proceso de ley de la parte perjudicada, tal como ocurrió en el caso presente**. En vista de lo anterior, resolvemos que el tribunal recurrido excedió de su ejercicio discrecional al no dejar sin efecto la anotación de rebeldía.

**IV.**

Por los fundamentos expuestos, **expedimos** el auto de *certiorari* y **revocamos** el dictamen recurrido. Consecuentemente, devolvemos el caso al Tribunal de Primera Instancia para la continuidad de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones