ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JOSÉ RAFAEL ARRIETA IGARTÚA<br><br>Recurrida<br><br><br>v.<br><br><br>ASOCIACIÓN RESIDENTES DE ESTANCIAS DE CIDRA, INC., Y OTROS<br><br>Peticionarios | KLCE202301459 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Número: CG2020CV01197 (Salón 703)<br><br>Sobre:<br>*Injuction* (Entredicho Provisional, *Injuction* Preliminar y Permanente), Daños |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Rivera Pérez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de febrero de 2024.

Comparece la parte peticionaria, María M. Montalvo Padilla, miembro de la Asociación de Residentes de Estancias de Cidra, Inc., mediante un recurso de *Certiorari* y nos solicita la revisión de las *Órdenes* emitidas el 2 de noviembre de 2023 y notificadas el 3 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI). Mediante éstas, el TPI no permitió la *Demanda Contra Tercero y Coparte* presentada el 30 de diciembre de 2021 por la Asociación de Residentes de Estancias de Cidra, Inc. (en adelante, AREC). Además, mediante el otro dictamen emitido el mismo día, el TPI declaró Ha Lugar la *Comparecencia y Solicitud de Remedios* presentada el 3 de mayo de 2022 por AREC.

Por los fundamentos que expondremos, se deniega la expedición del presente recurso de *Certiorari*.

Número Identificador

RES2024_____

**I**

El 11 de junio de 2020, el Sr. José Rafel Arrieta Igartúa, en adelante parte recurrida, presentó *Demanda* solicitando un *Injunction* para que se cumpliera lo establecido en la *Escritura de Restricciones de Uso y Edificación Urbanización Estancias de Cidra* contra la Junta de Directores de AREC, la Sra. Omayra Alvarado Cartagena, la Sra. Niria Raquel Rodríguez de Choudens, la Sra. María Monserrate Montalvo Padilla, la Sra. Marlisse García Cosme, la Sra. Elimar Resto Jiménez, el Sr. Irving Ortiz Cotto y su compañía Ortiz Imports, LLC y el Municipio de Cidra.[1]

Así las cosas, el 20 de julio de 2020, la Junta de Directores de AREC presentó una *Contestación a Demanda* y *Reconvención* mediante la cual presentaron sus defensas afirmativas y una reclamación contra la parte recurrida.[2]

Luego de varios incidentes procesales, el 30 de diciembre de 2021, AREC presentó ante el TPI un escrito titulado *Demanda Contra Terceros y Co Parte*.[3] Entre otras cosas, alegó que el Sr. José Miguel Ramírez Legrand y su esposa, Sra. Luz Janet Medina, que el Sr. Carlos Pagán Rivera y su esposa, Sra. María del Carmen Vega, al igual que el Sr. José Leonel Santos Rivera y su esposa, Sra. Tricia Ortiz Pérez, debían ser traídos como terceros demandados, pues entendía que respondían por los daños y perjuicios causados a la Junta de Directores de AREC.[4] De igual forma, solicitaron que se autorizara la demanda contra co parte contra el Municipio de Cidra, pues alegaron que dicho municipio autorizó al Sr. José Leonel Santos Rivera mediante unos permisos para operar un negocio en los predios de la urbanización.[5]

---

[1] Apéndice III del *Certiorari*, págs. 5-69.
[2] Apéndice IV del *Certiorari*, págs. 70- 78.
[3] Apéndice V del *Certiorari*, págs. 79-83.
[4] *Íd.*
[5] *Íd.*

Así las cosas, el 12 de abril de 2022, el Municipio de Cidra presentó ante el foro primario una *Solicitud para que no se Autorice Demanda contra Tercero por Incumplimiento con las Reglas de Procedimiento Civil y la Aplicación de la Doctrina de Incuria.*[6] En dicha moción alegaron que no procedía la demanda contra tercero, pues se presentó fuera del término de treinta (30) días que establece la ley sin que mediara justa causa.[7] Alegaron, además, que dicha demanda contiene hechos "conocidos o que debieron ser conocidos cuando present[aron] su moción de desestimación".[8]

Por otro lado, el 3 de mayo de 2022 la Junta de Directores de AREC presentó ante el TPI una *Comparecencia Especial y Solicitud de Remedios* en la cual le solicitó al foro primario, entre otras cosas, que relevara al licenciado Pedro L. Betancourt Rivera (en adelante, licenciado Betancourt) de su representación y confirmara la representación legal del licenciado Raúl Tirado, hijo.[9] Esto, pues, había cambiado su composición y le habían manifestado al licenciado Betancourt, mediante la tramitación de unas cartas, que deseaban prescindir de sus servicios y contrataron los servicios del licenciado Raúl Tirado, hijo.[10]

Por su parte, el 4 de mayo de 2023 compareció el licenciado Betancourt, alegando estar en representación de AREC, mediante una *Moción Informativa y Solicitud de que se Resuelva la Sumaria.*[11] Alegó, entre otras cosas, que:

> [...]aclaramos que un miembro de la Asociación nos contrató para que co representemos a la Asociación en este caso y pagar[á] nuestros servicios, por lo que hemos continuado y continuaremos en el caso, ya que es su derecho.[12]

---

[6] Apéndice VI del *Certiorari,* págs. 84-85.
[7] *Íd.*
[8] *Íd.*
[9] Apéndice VII del *Certiorari,* págs. 86-124.
[10] *Íd.*
[11] Apéndice VIII del *Certiorari,* pág. 125.
[12] *Íd.*

Así las cosas, el 2 de noviembre de 2023, mediante dos *Órdenes* notificadas el 3 de noviembre de 2023, el TPI denegó ambas solicitudes. Sobre la representación del licenciado Betancourt expresó:

> "En cuanto al relevo del licenciado Betancourt, disponemos: **la contratación de la representación legal de la asociación de residentes le corresponde a la junta de directores. Por lo que, estos acreditando que no desean sus servicios el Tribunal lo releva de la representación legal**".[13] (Énfasis suplido)

Mientras, respecto a la demanda contra tercero y co parte, el TPI expresó lo siguiente: "[e]n esta etapa de los procesos, no se permite la demanda contra terceros ni la demanda contra co-parte".[14]

Inconforme, el 20 de noviembre de 2023 el licenciado Betancourt, alegando hacerlo en representación de AREC, presentó ante el TPI una *Moción en Reconsideración*.[15] En síntesis alegó que, al haber sido contratado por uno de los integrantes de la Asociación de Residentes de Estancias de Cidra, Inc., lo convertía en co-representante de la esta.[16]

El 27 de noviembre de 2023, AREC presentó ante el TPI su *Moción en Oposición a Reconsideraciones*.[17] En resumen, se opuso a la moción presentada por el licenciado Betancourt, pues entendía que los asuntos respecto a los negocios de la Asociación eran decididos por su junta de directores y no por un miembro que no formaba parte de dicha junta de directores, por lo que no procedía el planteamiento de co-representación.[18] Finalmente, el 28 de noviembre de 2023 el foro primario emitió una *Resolución*

---

[13] Apéndice I del *Certiorari,* págs. 1-2.
[14] Apéndice II del *Certiorari,* págs. 3-4.
[15] Apéndice IX del *Certiorari,* pág. 126.
[16] *Íd.*
[17] Apéndice X del *Certiorari,* págs. 127-130.
[18] *Íd.*

declarando No Ha Lugar la moción en reconsideración presentada por el licenciado Betancourt.[19]

Inconformes, el 27 de diciembre de 2023, el licenciado Betancourt, en representación de la Sra. Montalvo Padilla, miembro de AREC, acudió ante nos mediante el presente recurso de *Certiorari*. En su escrito señala la comisión de los siguientes errores:

> **Primer Error:** Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la co representación de la Asociación.

> **Segundo Error:** Erró el Honorable Tribunal de Primer Instancia al declarar No Ha Lugar la demanda contra terceros y co parte.

El pasado 11 de enero de 2024, este Tribunal emitió una *Resolución* mediante la cual se atendieron varios asuntos, pero, en síntesis, se le concedió a la parte recurrida, un término hasta el 24 de enero de 2024 para comparecer. Al no contar con el beneficio de su comparecencia, procederemos a resolver.

## II

### A.

El recurso de *certiorari* "es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, 211

---

[19] Apéndice X del *Certiorari,* págs. 131-132.

DPR 821 (2023); *800 Ponce de León v. AIG,* supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari,* bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR,* supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra,* dispone lo siguiente:

> El **recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo**. No obstante, y por excepción a lo dispuesto anteriormente, **el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre** la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público **o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. (Énfasis suplido)

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Cabe también señalar, de los factores anteriormente esbozados se infiere que el foro apelativo evaluará la "corrección de la decisión recurrida" de igual modo "la etapa del procedimiento en que es presentada". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Esto es así, para determinar si esta es la etapa más "apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra.

**B.**

La Ley Núm. 64-2009, según enmendada, mejor conocida como "*Ley General de Corporaciones*", 14 LPRA sec. 3501 et seq., es el estatuto que rige la existencia y los interrogantes de las corporaciones privadas en Puerto Rico. *Dorado del Mar v. Weber, et al*, 203 DPR 31, 45 (2019); *D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, 132 DPR 905, 915 (1993). Su personalidad jurídica, sin embargo, comienza en el registro y emisión final del certificado de incorporación, lo cual le brinda a dicha corporación su personalidad distinta y separada a la de sus miembros. Véase, Arts. 1.03, 1.04 y 1.05 de la Ley General de Corporaciones, 14 LPRA 3503, 3504 y 3505; *Peguero y otros v. Hernández Pellot*, 139 DPR 487, 502 (1995).

El Art. 2.02 (B) y (L) de la Ley General de Corporaciones, 14 LPRA 3522*,* expone algunas de las facultades que puede ejercer una corporación bajo dicha ley. En específico, establece lo siguiente:

[…]
(b) **Demandar y ser demandada bajo su nombre corporativo en cualquier Tribunal y participar en cualquier procedimiento judicial, administrativo, de arbitraje o de cualquier otro género**.
[…]
(l) **Otorgar contratos** y garantías e **incurrir en responsabilidades**, tomar dinero a préstamo, emitir notas, pagarés, bonos o cualquier otro tipo de obligación y asegurar cualquiera de sus obligaciones por medio de hipoteca, prenda u otro gravamen sobre toda o cualquier parte de sus propiedades, franquicias o ingresos, otorgar contratos de garantía y fianza para garantizar las obligaciones de cualquier compañía matriz, subsidiaria o afiliada.
[…] (Énfasis suplido).

Debido a su naturaleza "artificial", las corporaciones actúan atrevés de sus agentes y empleados. *Rivera Sanfeliz et al v. Jta. Dir. FirstBank*, 193 DPR 38, 50 (2015) (citas omitidas). Respecto a quien podrá realizar los negocios y asuntos de la corporación, el Art. 4.01 de la Ley General de Corporaciones, 14 LPRA 3561 expone lo siguiente:

**Los negocios y asuntos de toda corporación organizada con arreglo a las disposiciones de esta Ley serán dirigidos por la junta de directores**, salvo cuando otra cosa se disponga en esta Ley o en el certificado de incorporación. Cuando el certificado de incorporación contenga tal disposición, las facultades y obligaciones que esta Ley confiere o impone a la junta de directores, serán ejercidas o desempeñadas por la persona o personas designadas en el certificado de incorporación. (Énfasis suplido)

### C.

La demanda contra coparte "es la que formula una parte contra otra que ya se encuentra incluida en el proceso en la misma condición de quien formula la demanda". R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, San Juan, Ed. LexisNexis de Puerto Rico, Inc., 2017, sec. 2411; pág. 295.

La Regla 11.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.6, expone, además, que podrán presentarse en dicha demanda cualquier reclamación relacionada al acto, omisión o evento que haya motivado la demanda original o reconvención. De igual

manera, en dicha alegación podrán presentarse reclamaciones respecto a propiedades que sean objeto del pleito original.

Sobre el término para la presentación de una demanda contra coparte, la Regla 11.6 de Procedimiento Civil, expone que:

> La demanda contra coparte podrá presentarse sin permiso del tribunal **dentro de los treinta (30) días** contados a partir de la fecha de presentación de la contestación de todas las partes demandadas. **Transcurrido este término, la parte deberá solicitar permiso al tribunal para presentar dicha demanda, previa demostración de justa causa**. (Énfasis Suplido)

### D.

La demanda contra tercero establece "un mecanismo para facilitar la resolución pronta y económica de pleitos múltiples que puedan surgir de unos mismos hechos". J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, San Juan, 1ra ed. rev. 2012, pág.121 citando a *A.A.A. v. Builders Ins. Co.*, 115 DPR 57 (1984). En lo pertinente, la Regla 12.1 de Procedimiento Civil, *supra*, le permite a la parte demandada notificar, como demandante contra tercero, mediante un emplazamiento y demanda a una persona que no es parte del pleito original, pero que pueda ser responsable en la totalidad o en parte frente a cualquier parte del pleito.

La Regla 12.1 de Procedimiento Civil, supra, establece cual es término disponible para presentar dicha alegación. Sobre el mismo expresa:

> La demanda contra tercero podrá presentarse sin permiso del tribunal dentro de los **treinta (30) días contados a partir de la fecha de la presentación de la contestación a la demanda** o de la réplica a una reconvención. **Transcurrido dicho término, deberá solicitarse permiso al tribunal para presentar la demanda, previa demostración de justa causa**. (Énfasis suplido)

Respecto al significado de "justa causa" el Tribunal Supremo ha expresado que "[n]o podrá acreditarse la existencia de una justa causa con excusas, vaguedades o planteamientos estereotipados".

*Lugo v. Suárez,* 165 DPR 729, 739 (2005); *Arriaga v. F.S.E.,* 145 DPR 122, 132 (1998).

**III**

En su recurso de *Certiorari,* el licenciado Betancourt, alegando hacerlo en representación de la parte peticionaria, señala, en esencia, que erró el TPI al declarar No Ha Lugar la solicitud de co-representante legal de la Asociación de Residentes de Estancias de Cidra, Inc. En síntesis, alegó que el foro primario debió tomar en consideración otros factores adicionales al deseo de la nueva junta de no continuar con sus servicios, para aún permitir la co-representación por parte del licenciado.

Como reseñamos, en sus Órdenes recurridas, el TPI determinó que procedía el relevo del licenciado Betancourt pues la contratación de la representación legal de la Asociación de Residentes de Estancias de Cidra, Inc. era un asunto que le correspondía a la junta de directores. Debido a que quedó acreditado que la junta de directores no deseaba que el licenciado Betancourt le representara procedía su relevo. Respecto a la solicitud de la demanda contra tercero y coparte el TPI determinó que, luego de haber trascurrido un año y seis meses de la presentación de la demanda original, no procedía dicha solicitud. En su discreción entendió que no debían autorizarse en la etapa procesal en la cual se encontraba el caso.

Examinando el recurso de *certiorari* tomando en consideración lo establecido en la Regla 52.1 de Procedimiento Civil, *supra,* y los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* determinamos que no procede su expedición. A nuestro juicio, el TPI no abusó de su discreción al denegar la solicitud de demanda contra tercero y co parte y al relevar al licenciado Betancourt de la representación legal de la Asociación de Residentes de Estancias de Cidra, Inc.

## IV

Por los fundamentos expuestos, se deniega la expedición del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones