Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| ISLAND PORTFOLIO SERVICES, LLC, como agente de FAIRWAY ACQUISITIONS FUND, LLC<br>Apelante<br><br>v.<br><br>YADIRA BÁEZ ROSARIO<br>Apelada | KLAN202401063 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Lajas<br><br>Caso Núm. LJ2024CV00052<br><br>Sobre:<br>Cobro de Dinero (Regla 60) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 25 de marzo de 2025.

Comparece Island Portfolio Services LLC, (IPS), una agencia de cobro, en representación de Fairway Acquisitions Fund LLC, (FAF), (en conjunto, parte apelante), mediante recurso de *Apelación,* solicitando que revoquemos una *Sentencia* emitida el 27 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala de Lajas (TPI). En el contexto del proceso sumario de cobro de dinero que provee la Regla 60 de Procedimiento Civil, *infra,* mediante el referido dictamen el foro primario desestimó sin perjuicio la *Demanda* presentada por la parte apelante, al juzgar que esta incumplió con una *Orden* del Tribunal.

Decidimos *revocar,* por los fundamentos que expondremos a continuación.

## I. Resumen del tracto procesal

Según fue alegado en la *Demanda* que dio inicio al asunto ante nuestra consideración, la señora Yadira Báez Rosario (señora Báez Rosario o parte apelada), le solicitó y obtuvo del Banco Popular de Puerto Rico (Banco Popular) un préstamo personal por un total de $4,975.94. No

obstante, posteriormente, FAF adquirió todos los derechos, títulos e intereses de dicho *préstamo personal,* al Banco Popular cederle su acreencia. Entonces, aduciendo que la parte apelada había incumplido los términos del préstamo, FAF determinó acelerar el pago del balance total adeudado, de cuatro mil cuatrocientos ochenta dólares con treinta centavos ($4,480.30). Por tanto, el 17 de mayo de 2024 IPF instó *Demanda* en cobro de dinero contra la señora Báez Rosario, bajo el procedimiento especial concebido en la Regla 60 de Procedimiento Civil de Puerto Rico, *infra.*

En atención a ello, el 20 de mayo de 2024, se expidió la *Notificación y Citación Sobre Cobro de Dinero,* a ser diligenciada por la parte apelante. En dicha notificación se señaló el 21 de junio de 2024 como fecha para celebrar el juicio.

Previo a la celebración del juicio, el 10 de junio de 2024, IPS presentó una *Moción Sometiendo Documentos,* dando a conocer la hoja de rastreo del correo postal de Estados Unidos, indicando que la *Notificación y Citación Sobre Cobro de Dinero* había sido recogida.

El 11 de junio de 2024, el TPI se dio por enterado de lo anterior.

Por su parte, el día antes de la fecha pautada para celebrarse el juicio, 20 de junio de 2024, la señora Báez Rosario presentó una *Moción Asumiendo Representación Legal, Contestación a Demanda y en Solicitud de Documentos.* En su escrito, luego de aceptar y negar algunas de las alegaciones contenidas en la *Demanda,* la apelada enumeró una serie de defensas afirmativas, entre las cuales incluyó la prescripción de la deuda. Además, solicitó copia del contrato de préstamo y el historial de pagos y transacciones de la cuenta que se pretendía cobrar.

El 20 de junio de 2024, el TPI emitió una *Orden* dándose por enterado de la referida moción.

Llegada la fecha pautada para la celebración del juicio, surge de la *Minuta* levantada sobre las incidencias allí acontecidas, que las partes estuvieron representadas por sus respectivos abogados, pero el juicio

resultó re-señalado para el 23 de agosto del 2024, ante la petición de la parte apelada para realizar un *pequeño descubrimiento de prueba.* El foro apelado determinó que, a pesar de la presentación de una contestación a demanda, el caso continuaría bajo la Regla 60, *infra.*

Entonces, el 23 de agosto de 2024, habiendo comparecido las partes al juicio a través de sus representantes legales, la señora Báez Rosario argumentó ante el Tribunal que *la deuda trata de una que está prescrita por ser del 5 de mayo de 2006.*[1] Ante ello, la parte apelante sugirió que esta presentara su planteamiento por escrito para entonces responder. A partir de lo descrito, el tribunal *a quo* dio un término de quince (15) días a las partes para que sometieran sus escritos.

Es así como, el 27 de septiembre de 2024, el TPI emitió la *Sentencia* desestimatoria de la *Demanda* presentada. El foro apelado plasmó como fundamento para desestimar la *Demanda,* el siguiente:

> El 23 de agosto de 2024, en corte abierta, se emitió orden concediéndole a las partes el término de 15 días para exponer por escrito, lo alegado en cuanto a que la causa de acción está prescrita. **Habiendo transcurrido dicho término, ninguna de las partes ha cumplido con lo ordenado ni ha excusado su incumplimiento. Por lo tanto, este Tribunal procede a desestimar la demanda presentada SIN PERJUICIO**.[2] (Énfasis provisto).

Inconforme, IPS presentó oportuna *Reconsideración.* Esgrimió que, habiendo sido la parte apelada quien aseveró que la causa de acción estaba prescrita, le correspondía a esta como promovente de tal argumento presentar primero el escrito que ordenó el TPI al respecto, explicando tal postura, para entonces obtener una respuesta escrita del apelante. A tenor, arguyó que, no habiendo cumplido la parte apelada con la presentación del escrito sobre presunta prescripción de la deuda, había quedado liberado de presentar escrito al respecto, y solo procedía ordenar la continuación del juicio.

Sin embargo, el TPI declaró *No Ha Lugar* la *Reconsideración.*

---

[1] Apéndice VIII del recurso de *apelación*, pág. 27.
[2] Apéndice IX del recurso de *apelación*, pág. 28.

Es así que la IPS acude ante nosotros, mediante recurso de *apelación,* señalando la comisión de los siguientes errores:

Primer Error: Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso de conformidad con la Regla 39.2 de Procedimiento Civil, contra la parte demandante, el demandante apelante quedó indefenso de cumplir con la Orden de oposición a la prescripción, pues nuestro ordenamiento jurídico existen más de cinco (5) tipos de prescripciones, entre el Código Civil y las leyes especiales y no poseíamos los fundamentos en derecho de a cuál término de prescripción la parte demandada-apelada se refería. Lo que dejó imposibilitada a la parte demandante-apelante de oponerse con los fundamentos correctos y oportunos en derecho.

Segundo Error: Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso sin antes convertir el asunto al trámite ordinario según lo resuelto en <u>Primera Cooperativa de Ahorros v. Hernández Hernández</u>, 2020 TSPR 127, aplicando así la sanción más severa posible.

Mediante *Resolución* emitida el 6 de diciembre de 2024 le concedimos un término de treinta (30) días a la parte apelada para exponer su posición. Transcurrido dicho término en exceso, sin que la parte apelada se expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolverlo.

## II. Exposición de Derecho

a.

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R.60, (Regla 60), fue creada con el propósito de agilizar y simplificar los procedimientos en reclamaciones por cuantías pequeñas, para facilitar el acceso a los tribunales y lograr una solución rápida, justa y económica. *Cooperativa v. Hernández Hernández*, 205 DPR 624, 631 (2020); *Asoc. Res. Colinas Metro v. S.L.G.,* 156 DPR 88, 97 (2002). Así, bajo dicha regla se provee un procedimiento sumario para la adjudicación de reclamaciones de menor cuantía, es decir, de sumas líquidas y exigibles que monten a la cantidad de $15,000.00 o menos. Ver, R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* 5ta ed., San Juan, LexisNexis de Puerto Rico, 2010, p. 563.

En específico, la regla bajo discusión dispone lo que sigue:

[c]uando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario. 32 LPRA Ap. V, R.60.

Debido a la naturaleza sumaria del procedimiento bajo la Regla 60, *supra,* las Reglas de Procedimiento Civil de ordinario solo aplican de forma supletoria y en la medida en que sean compatibles con el propósito que persigue esta regla. *RMCA v. Mayol Bianchi,* 208 DPR 100, 107-108 (2021); *Cooperativa v. Hernández Hernández,* supra; *Asoc. Res. Colinas Metro v. S.L.G.,* supra, a la pág. 98. Así, en el procedimiento sumario bajo la

Regla 60, se prescinde de la contestación a la demanda, del descubrimiento de prueba y de las estrictas exigencias del diligenciamiento ordinario de un emplazamiento. *Asoc. Res. Colinas Metro v. S.L.G.,* supra, a la pág. 97.

Por otra parte, nuestro Tribunal Supremo ha aseverado que, ***antes de desestimar una demanda basada en la Regla 60, hay que considerar su conversión al procedimiento ordinario. El foro primario está obligado a hacer dicha consideración****. (Énfasis provisto). *Cooperativa v. Hernández Hernández,* supra*,* a la pág. 628.

En armonía, la propia Regla 60 permite que cualquiera de las partes solicite que el pleito continúe tramitándose de forma ordinaria, y el tribunal puede hacerlo *motu proprio*. La conversión del caso a ordinario no es automática, ya que es un asunto que el tribunal tiene que sopesar sus méritos. El Tribunal Supremo de Puerto Rico resumió las instancias en las que un caso puede convertirse en ordinario y son las siguientes: (1) el demandado demuestra que tiene una reclamación sustancial, (2) cuando las partes solicitan en el interés de la justicia que el pleito se ventile de forma ordinaria, (3) el tribunal tiene discreción para ordenarlo *motu proprio*, en el interés de la justicia y (4) la demandante no conoce ni provee el nombre y dirección del deudor, (5) es necesario emplazar por edictos. *Cooperativa v. Hernández Hernández,* supra, págs. 637- 638.

Ahora bien, una vez el tribunal ordene la conversión del trámite judicial, aplicarán las normas procesales del sistema tradicional. *Íd.*, págs. 638-639. Sobre esto el Tribunal Supremo ha dicho que:

> "[e]n nuestro sistema tradicional **la desestimación es la última de las medidas que provee la Regla 39.2(a) de Procedimiento Civil para sancionar la parte que incumple con una norma procesal o una orden del tribunal de instancia**, entonces, ¿por qué considerar esta medida en el trámite sumario si la Regla 60 permite la conversión del trámite judicial? La desestimación al amparo de la Regla 39.2(a) en este mecanismo acelerado contraviene y hace impráctico el principio cardinal que postula la Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, de resolver las controversias de forma justa, rápida y económica, tampoco garantiza un debido proceso de ley ni el acceso al foro judicial. Mas bien, la desestimación en un caso como el de autos,

promueve que las reclamaciones al amparo de la Regla 60 sean un procedimiento injusto, lento y costoso". [...] (Énfasis provisto). *Íd.*, págs. 639-640.

b.

Nuestro ordenamiento jurídico favorece la política judicial de que los casos se ventilen en sus méritos. *Mercado Figueroa v. Mun. San Juan*, 192 DPR 279, 288 (2017). Esto debe ir en armonía con el principio procesal recogido en la Regla 1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 1, de que los pleitos se tramiten de forma justa, rápida y económica. *Íd.*, en las págs. 287-288. Es decir que, aunque se favorece la ventilación de los casos en sus méritos, ello "no significa que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales". *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221-222 (2001).

A tenor con lo cual los tribunales quedan facultados con el poder de sancionar a las partes mediante distintos mecanismos, cuando **permanecen en la negativa de obedecer sus órdenes atentando así contra la sana administración de la justicia**. De aquí que la Regla 39.2 (a) de Procedimiento Civil, disponga que:

(a) **Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal**, el tribunal a iniciativa propia o a solicitud de la parte demandada **podrá decretar la desestimación del pleito** o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, **la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder**. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. **Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las**

**alegaciones**. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. (Énfasis suplido.) Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2. Véase también *Mun. de Arecibo v. Almac. Yakima,* supra; *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). (Énfasis provisto).

Como queda visto, según el lenguaje implementado en la Regla 39.2(a), en aras de garantizar el debido proceso de ley, el tribunal está obligado a seguir un procedimiento claramente preestablecido antes de ordenar la desestimación de la demanda o la eliminación de las alegaciones. Es decir, como parte del debido proceso de ley, la parte tiene que ser notificada por el tribunal de la situación del incumplimiento, junto a sus consecuencias y, además, se le tiene que brindar la oportunidad de tomar las medidas necesarias para corregirla.

**III. Aplicación del Derecho a los hechos**

Según enfatizamos en el recuento procesal, queda muy claro que el fundamento identificado en la *Sentencia* apelada para desestimar la *Demanda* presentada por la parte aquí apelante, fue el incumplimiento por las partes con la *Orden* del TPI para que presentaran un escrito, dentro del término de quince días, donde discutieran la presunta prescripción de la causa de acción. Es decir, la desestimación de la *Demanda* fue la manera en que el foro apelado sancionó a la parte apelante por el incumplimiento con la presentación del referido escrito dentro del término aludido. Al así obrar el tribunal *a quo* incidió.

Llegamos a tal conclusión pues al Tribunal Supremo interpretar la Regla 60 de Procedimiento Civil, *supra,* advirtió con claridad que la desestimación es la sanción más drástica posible de una causa de acción instada bajo tal procedimiento, y el foro primario viene obligado primero a considerar la conversión del proceso en uno ordinario. *Cooperativa v. Hernández Hernández,* supra, a la pág. 639. Al razonar sobre el asunto el alto Foro elucidó que, si en nuestro sistema tradicional la desestimación es

la última de las medidas que provee la Regla 39.2(a) de Procedimiento Civil, *supra*, para sancionar la parte que incumple con una norma procesal o una orden del tribunal de instancias, entonces, ¿por qué considerar esta medida en el trámite sumario si la Regla 60 permite la conversión del trámite judicial? *Íd.*

Es decir, a tono con los fundamentos del Tribunal Supremo en la Opinión citada, antes del TPI haber aplicado la sanción más severa disponible contra la parte apelante por no presentar la moción sobre prescripción, la desestimación de la *Demanda*, debió haber ordenado la conversión del proceso en uno ordinario, y de tal manera permitir la continuación de los procesos.

Entonces, del TPI haber ordenado tal conversión, se le hubiese abierto la puerta para aplicar los pasos sancionadores que contiene la Regla 39.2 de Procedimiento Civil, *supra*, como medidas para hacer que las partes cumplieran sus órdenes. Claro, cabe recalcar que, aun siguiendo la sucesión de pasos que ordena la Regla 39.2 (a) aludida para que se cumplan las órdenes del Tribunal, **la desestimación continúa siendo la última de las medidas que el ordenamiento permite al Tribunal para sancionar a la parte que incumple con una norma procesal** o una orden del TPI.

En definitiva, el foro primario estaba impedido de recurrir a la desestimación de la *Demanda* como primera medida sancionadora por el incumplimiento por las partes con su *Orden* para presentar moción sobre prescripción, y esto es causa de revocación de la *Sentencia* apelada.

**IV. Parte dispositiva**

Por los fundamentos antes expresados, los que hacemos formar parte de este dictamen, se *Revoca* la *Sentencia* apelada. En consonancia, se devuelve el asunto al foro apelado para que continúe los trámites de forma compatible con lo aquí resuelto y se le ordena, además, convertir el proceso en uno ordinario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones