Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| LISANDRA APONTE BURGOS<br><br>Parte Apelante<br><br>v.<br><br>JOSÉ ANTONIO LLAVONA OYOLA<br><br>Parte Apelada | TA2025AP00612 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm. BY2024CV07416<br><br>Sobre: Liquidación de Comunidad de Bienes; Medidas Provisionales |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece la parte apelante, Lisandra Aponte Burgos (Aponte Burgos o apelante) y solicita que revoquemos la *Sentencia* emitida el 30 de octubre de 2025, notificada el 31 de octubre de 2025, por el Tribunal de Primera Instancia, Sala de Bayamón. Mediante el referido dictamen, el TPI determinó que la apelante mostró un patrón continuo de falta de interés en cumplir con el descubrimiento de prueba, por lo que desestimó sin perjuicio la demanda incoada por Aponte Burgos.

Transcurrido el término para presentar su posición, la parte apelada, José Antonio Llavona Oyola (Llavona Oyola o apelado), no compareció. Por consiguiente, resolvemos sin gestiones ulteriores.

Luego de evaluar el trámite procesal de la causa de epígrafe, el cual exponemos a continuación, así como los planteamientos de la parte apelante, y de conformidad con el derecho aplicable, revocamos el dictamen apelado.

## I.  Trasfondo fáctico y procesal

El 17 de diciembre de 2024, Aponte Burgos presentó una demanda sobre liquidación de comunidad de bienes y medidas provisionales en contra de Llavona Oyola. En síntesis, alegó que contrajeron matrimonio el 10 de diciembre de 1983 y que su vínculo matrimonial quedó disuelto mediante sentencia de divorcio emitida el 23 de octubre de 2024, por el Tribunal de Primera Instancia Sala de Familia y Menores de Bayamón (BY2024RF01151).  Añadió que existe una comunidad post ganancial entre las partes y que Llavona Oyola ejerció total control de los bienes sin permitir a Aponte Burgos acceso en igualdad de condiciones. Aponte Burgos señaló que no tiene acceso ni firmas autorizadas sobre los bienes. Por ello, solicitó al TPI que se ordenara el inventario y avalúo de los bienes y deudas que componen la comunidad post ganancial y se concedieran las medidas provisionales en protección del caudal. A tales efectos, Aponte Burgos acompañó con su demanda, una solicitud urgente en auxilio de jurisdicción y solicitud de medidas urgentes en protección del caudal ganancial. El 27 de diciembre de 2024, el TPI emitió la orden en protección del caudal ganancial y ordenó una fianza de $2,000 a Aponte Burgos.

Por su parte, el 5 de febrero de 2025, Llavona Oyola contestó la demanda[1]. El 12 de febrero de 2025, este presentó una solicitud de reconsideración[2] en la que solicitó que se dejara sin efecto la orden protectora y medidas provisionales sobre el caudal. El TPI determinó atender la moción durante la vista inicial a celebrarse el 26 de febrero de 2025[3]. Celebrada la vista, el TPI, luego de escuchar los argumentos de las partes, denegó la solicitud de reconsideración de Llavona Oyola. Por otro lado, el TPI les concedió a las partes hasta

---

[1] Entrada Núm. 13 SUMAC-TPI.
[2] Entrada Núm. 15 SUMAC-TPI.
[3] Entrada Núm. 16 SUMAC-TPI.

el 5 de marzo de 2025, para intercambiar los interrogatorios y producción de documentos limitados a un máximo de 50 preguntas. Asimismo, el foro *a quo* le concedió un término de 45 días a las partes para contestar los interrogatorios[4].

Luego de varios trámites procesales, el 30 de junio de 2025, Llavona Oyola presentó una *Moción Informativa y en Solicitud de Remedio al Tribunal en Relación al Descubrimiento de Prueba y otros Pormenores*[5]. En esta, expresó los incidentes en torno al descubrimiento de prueba incurridos por Aponte Burgos. En específico, expuso que la apelante no produjo las contestaciones a los interrogatorios. Por ello, el apelado le cursó una comunicación escrita en requerimiento de las contestaciones a los interrogatorios[6]. También señaló que Aponte Burgos canceló la deposición a Llavona Oyola. Por ende, solicitó que le ordenara a la apelante producir la contestación y documentación requerida para poder obtener el descubrimiento de prueba.

En esa misma fecha, el TPI emitió y notificó la siguiente *Orden*[7]:

> "Se le ordena a la parte demandante contestar el interrogatorio en el término final de 5 días. No habrá prórroga. De no notificar la contestación en el término ordenado; se entenderá, junto a la inactividad en tomar deposición y de cursar nombres de posibles administradores judiciales, que no tiene interés en continuar con el presente caso y se desestimará sin perjuicio.
> Se ordena a Secretaría notificar la presente Orden a la parte demandante."[8]

En cumplimiento con la referida orden, el 7 de julio de 2025, Aponte Burgos informó[9] al TPI que en esa misma fecha envió la

---

[4] Véase, *Minuta,* Entrada Núm. 26 SUMAC-TPI.

[5] Entrada Núm. 31 SUMAC-TPI.

[6] *Íd.* No se acompañó evidencia las comunicaciones cursadas a Aponte Burgos.

[7] Entrada Núm. 32 SUMAC-TPI.

[8] Conforme fue ordenado, surge del formulario único de notificación OAT-1812 que la orden **se notificó directamente a Aponte Burgos y a su abogado.** *Íd., Notificación.*

[9] Véase, *Moción Informativa,* Entrada Núm. 33 SUMAC-TPI.

contestación a interrogatorio y producción de documentos a Llavona Oyola. Ese mismo día, el TPI se dio por enterado[10].

El 22 de julio de 2025, Llavona Oyola presentó *Moción en Solcitud de Remedio y Orden en Relación al Descubrimiento de Prueba por parte de la Demandante y la Designación de un Administrador Judicial[11]*. En esta, expuso que Aponte Burgos envió la contestación al interrogatorio, pero que algunas contestaciones no respondían lo que solicitaba la pregunta. Añadió que Aponte Burgos no envió documento alguno. Sobre el particular, señaló que, el 14 de julio de 2025, cursó un correo electrónico a la representación legal de Aponte Burgos, requiriéndole que se contestaran adecuadamente las preguntas indicadas y que se produjeran aquellos documentos que pudieran razonablemente adelantar.[12] El apelado alegó que Aponte Burgos no contestó la comunicación cursada, así como tampoco produjo los documentos requeridos. Por último, Llavona Oyola solicitó que se dejara sin efecto la designación de un administrador judicial y que se le ordenara a Aponte Burgos facilitar las contestaciones objetadas y la documentación.

Al día siguiente, el TPI emitió la siguiente orden[13]:

Enterado. Ante el continuo incumplimiento de la parte demandante con el descubrimiento de prueba y la Orden emitida el 30 de junio de 2025, la cual fue debidamente notificada a la parte; este tribunal entiende la parte demandante no tiene interés en continuar con la tramitación del caso y se estará dictando Sentencia desestimando sin perjuicio….

La referida orden se notificó a los representantes legales de Aponte Burgos, mas no se le notificó directamente a la apelante.

---

[10] Véase, *Orden,* Entrada Núm. 34 SUMAC-TPI.
[11] Entrada Núm. 35 SUMAC-TPI.
[12] *Íd.*, Anejo I.
[13] Entrada Núm. 36 SUMAC-TPI.

Esa misma fecha, el TPI emitió *Sentencia* en la que desestimó sin perjuicio la demanda[14]. Oportunamente, Aponte Burgos solicitó reconsideración[15]. En esta, expuso que sí tiene interés en su causa de acción y que no tiene acceso a la mayoría de los bienes que componen la masa post ganancial. Señaló que no tuvo oportunidad de reaccionar a la moción sobre descubrimiento de prueba, pues el TPI desestimó la demanda sin perjuicio. Al respecto, señaló que la Regla 39.2 de Procedimiento Civil establece un orden de prelación que debe seguirse antes de desestimar un pleito. En ese sentido, señaló que Llavona Oyola solo ha solicitado la intervención del TPI mediante una moción que fue presentada bajo la Regla 34 de Procedimiento Civil y que se le debió permitir replicar la misma. El 31 de julio de 2025, el TPI emitió *Orden* en la que declaró Ha Lugar la solicitud de reconsideración, ordenó la reapertura del caso y señaló una vista de seguimiento. Así las cosas, el 25 de agosto de 2025, Aponte Burgos informó[16] al TPI que envió la contestación a las objeciones del primer pliego de interrogatorio a Llavona Oyola. El TPI se dio por enterado[17].

El 29 de octubre de 2025, Llavona Oyola presentó *Tercera Moción en Solicitud de Remedio y Orden en Relación al Descubrimiento de Prueba por Parte de la Demandante y la Designación de un Administrador Judicial[18].* Alegó que, al revisar las contestaciones enviadas por Aponte Burgos, esta solo envió de forma parcial documentos correspondientes a una sola cuenta. Añadió que Aponte Burgos no realizó comunicación alguna, ni envió la

---

[14] Véase, *Sentencia,* Entrada Núm. 37 SUMAC-TPI. En esta el TPI expreso lo siguiente:

> Ante la falta de interés de la parte demandante por incumplir con el descubrimiento de prueba y habiendo quedado debidamente advertida mediante Orden del 30 de junio de 2025, el Tribunal desestima este caso SIN PERJUICIO en virtud de las disposiciones de la Regla 39.2 (a) de las de Procedimiento Civil para el Tribunal General de Justicia.

[15] Entrada Núm. 38 SUMAC-TPI.
[16] Entrada Núm. 40 SUMAC-TPI.
[17] Entrada Núm. 41 SUMAC-TPI.
[18] Entrada Núm. 42 SUMAC-TPI.

producción documentada, la cual fue solicitada desde hace más de siete (7) meses. Además, expuso que, entre el 25 de agosto de 2025 y el 6 de octubre de 2025, le cursó un mensaje por correo electrónico, el cual transcribió en la moción, en el que le requirió a Aponte Burgos la producción de documentos solicitada[19]. Por último, añadió que, ante la inacción de la parte demandante con relación al descubrimiento de prueba, procedía que se dejara sin efecto la designación de un Administrador Judicial. Ese mismo día, notificada el 31 de octubre de 2025, el TPI emitió la siguiente *Orden*[20]*:*

> Ante el continuo patrón de falta de interés de la parte demandante, se estará desestimando sin perjuicio por segunda vez.

Vale destacar que la referida orden no se notificó directamente a Aponte Burgos. Consecuentemente, el 30 de octubre de 2025, notificada el 31 de octubre de 2025, el TPI dictó la *Sentencia* apelada, en la que desestimó sin perjuicio la demanda en virtud de las disposiciones de la Regla 39.2(2) de Procedimiento Civil.

Inconforme, Aponte Burgos acude ante nos mediante recurso de apelación y le imputa al foro primario la comisión de los siguientes señalamientos de error:

> PRIMERO: Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al sancionar a la parte apelante, desestimando la demanda incoada, por alegadamente esta no tener interés en cumplir con el descubrimiento de prueba. [Ent. #43 y 44]

> SEGUNDO: Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al sancionar a la parte Apelante, desestimando la demanda incoada sin antes haberle notificado, apercibido e informado directa y personalmente a la parte Apelante, sobre las posibles consecuencias y repercusiones en caso de continuar desatendiendo las órdenes del Foro, conforme la jurisprudencia y doctrina avalada por Nuestro Tribunal Supremo. Ver HRS Erase, Inc. v. Centro Médico del Turabo, Inc., 205 DPR 689, 701 (2020).

---

[19] No se acompañó evidencia del mensaje de correo electrónico.
[20] Entrada Núm. 43 SUMAC-TPI.

## II.      Exposición del Derecho:

## A. La Regla 34 de Procedimiento Civil y las controversias en torno al descubrimiento de prueba

La Regla 34 de Procedimiento Civil, 32 LPRA Ap. V, R. 34, regula lo relacionado a las controversias que puedan surgir en torno al descubrimiento, la negativa a descubrir lo solicitado y sus consecuencias. En específico, la Regla 34.1 provee el procedimiento que se utiliza para requerir del tribunal, mediante moción, que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado. La misma dispone que:

> Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos.

A su vez, la Regla 34.2 dispone, en lo pertinente, que:

> Luego de que la parte promovente haya realizado con prontitud esfuerzos razonables y de buena fe con la parte adversa y ésta se niega a descubrir lo solicitado, la parte promovente de una moción bajo esta regla podrá requerir al tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado, según se dispone a continuación.
> (a) *Moción.* — Si un(a) deponente se niega a contestar alguna pregunta que le sea hecha o sometida según lo dispuesto en las Reglas 27 y 28 de este apéndice, o una corporación u organización deja de designar una persona según dispone la Regla 27.6 de este apéndice, o una parte deja de contestar cualquier interrogatorio que se le haya sometido bajo la Regla 30 de este apéndice, o si la parte en su contestación a una orden dictada bajo la Regla 31 de este apéndice deja de responder a la solicitud para efectuar una inspección o no permita efectuarla, la parte promovente podrá solicitar que se obligue a dicha parte a contestar o especificar lo solicitado, o que se dicte una orden para obligar a que se cumpla con la inspección solicitada. Cuando se tome la deposición de una persona mediante un examen oral, la parte proponente de la pregunta podrá completar el examen oral o suspenderlo, antes de solicitar la orden.
> (b) *Respuesta evasiva o incompleta.* — Para los propósitos de este inciso, una respuesta evasiva o incompleta se considerará como si se deja de contestar lo solicitado.

(c) *Concesión de gastos.*— **Si se declara "con lugar" la moción, el tribunal, después de dar a las partes la oportunidad de ser oídas**, podrá imponer a la parte o deponente que incumplió, o a la parte o al abogado o abogada que haya aconsejado tal conducta, o a ambos, el pago a la parte promovente del importe de los gastos incurridos en la obtención de la orden, incluyendo honorarios de abogado, a menos que el tribunal determine que existía una justificación válida para oponerse a la solicitud o que dentro de las circunstancias, el pago de los gastos resultaría injusto.
…

A tenor, la Regla 34.3 establece las consecuencias a la negativa a obedecer la orden del tribunal. En primer lugar, el inciso (a) de la citada regla dispone que la negativa a prestar juramento o contestar alguna pregunta, después del tribunal haber ordenado que así se hiciera, podrá considerarse como desacato. A renglón seguido, el inciso (b) establece las demás consecuencias a la negativa a obedecer la orden del tribunal. En lo aquí pertinente, el referido inciso dispone lo siguiente:

Si una parte . . . deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba . . . el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:
[…]
(3) Una orden para **eliminar alegaciones** o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.
[…]
(6) Una orden, bajo las condiciones que estime justas, para imponer a cualquier pare, testigo, abogado o abogada una **sanción económica** como resultado de sus actuaciones.

32 LPRA Ap. V, R. 34.3(b)(3). (Énfasis nuestro).

De tal forma, los foros judiciales tienen la facultad de imponer sanciones económicas y sanciones drásticas, como lo es la eliminación de las alegaciones de una parte, cuando esta incumpla con los parámetros de un descubrimiento de prueba. *HRS Erase v. CMT*, 205 DPR 689, 700 (2020).

En el citado caso de *HRS Erase,* el Tribunal Supremo repasó la jurisprudencia en torno a las medidas progresivas que exige la Regla 34.3(b)(3) a ser impuestas previo a recurrir a la sanción de la desestimación. En primer lugar, destacó que tales sanciones exigen un apercibimiento previo a la parte. Al respecto, mencionó las expresiones realizadas en *Ramírez de Arellano v. Srio. de Hacienda,* 85 DPR 823 (1962), en los siguientes términos:

> La desestimación de un pleito sin ir a sus méritos como un medio de sanción, debe ser de los últimos recursos a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, **no debería procederse a ella sin un previo apercibimiento**.

*Id.,* págs. 829-830. (Énfasis nuestro).

Cónsono con ello, el Tribunal Supremo aludió que en *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494 (1982), al interpretar el alcance de las sanciones que podía imponer un tribunal según la derogada Regla 34.2 de Procedimiento Civil de 1979 (32 LPRA Ap. III) – equivalente a la actual Regla 34.3 de Procedimiento Civil de 2009 (32 LPRA Ap. V) – determinó que las sanciones drásticas de la desestimación o la eliminación de las alegaciones no procederían, hasta tanto se le apercibiera directamente a la parte sobre los incumplimientos de su representación legal y de las consecuencias de ello. En específico, en *Maldonado,* el Alto Foro puntualizó que:

> Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, **tan solo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida**. (...) **Una parte que haya sido informada y apercibida de [la] situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas.**

*Id.*, pág. 498. (Énfasis nuestro).

Por tanto, no se puede desestimar un caso o eliminar las alegaciones de una parte ante un primer incumplimiento con las órdenes del tribunal. En cambio, para que tal orden fuese justa, primeramente, el tribunal debe notificar y apercibir al abogado de su incumplimiento. Si la representación legal persiste en su incumplimiento, el tribunal deberá notificar directamente a la parte afectada de la situación y apercibirle de las consecuencias de ello. Una vez la parte advenga en conocimiento del trámite procesal de su causa de acción, el tribunal estará facultado para imponer la severa sanción de la desestimación o la eliminación de las alegaciones. *HRS Erase v. CMT*, supra, pág. 702.

En *HRS Erase,* el Tribunal Supremo añadió que otra disposición que faculta a los tribunales para desestimar causas de acción debido al incumplimiento de las partes con sus órdenes es la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2. De acuerdo con esta Regla, el tribunal estará obligado a notificar directamente a la parte sobre el incumplimiento de su representación legal, indistintamente de qué parte se trate, sea demandante o demandada. Luego de apercibir propiamente a la parte en torno a las consecuencias de un incumplimiento repetido, el tribunal podrá imponer las sanciones de la desestimación o la eliminación de las alegaciones. *HRS Erase v. CMT*, supra, págs. 705-706. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca tal término. Regla 39.2(a) de Procedimiento Civil, *supra.*

Al final, el Tribunal reconoció que la Regla 34.3(b)(3), *supra,* de Procedimiento Civil resulta similar a la Regla 39.2(a), *supra,* puesto que ambas exigen que, previo a la imposición de una sanción

como la eliminación de las alegaciones, se notifique y aperciba directamente a la parte de la situación procesal del caso. *Id.,* págs. 707-708.

En resumen, no hay duda de que, al amparo de las Reglas de Procedimiento Civil, los tribunales tienen el poder discrecional de desestimar una demanda o eliminar las alegaciones de una parte. Ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio de Rec. Naturales,* supra, pág. 498. Así que, en primer término, el tribunal debe apercibirle al abogado de la parte su incumplimiento y concederle la oportunidad para responder. Si el abogado no responde a tal apercibimiento, el tribunal procederá a imponerle sanciones al abogado y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido informada de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación de la demanda o la eliminación de las alegaciones.

## B. La Regla 39.2 y la desestimación

Por otro lado, nuestro sistema jurídico tiene como política pública que los casos de ventilen en sus méritos.[21] A esos efectos, la desestimación de una demanda ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte".[22] Si bien los tribunales ostentan la facultad de desestimar casos con perjuicio en ciertas circunstancias, la misma debe ejercerse de forma juiciosa y apropiada.[23] El propósito principal de ejercer dicha facultad con prudencia es que "la desestimación priva al demandante de su día en corte para hacer valer las reclamaciones

---

[21] *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 212 DPR 807, 834 (2023); *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 264 (2021); *Mercado Figueroa v. Mun. San Juan,* 192 DPR 279, 287-288 (2015).
[22] *VS PR, LLC v. Drift-Wind, Inc.*, supra, pág. 264 (Énfasis suplido) (*citando a* R. *Hernández Colón, op. cit.*, pág. 250).
[23] *VS PR, LLC v. Drift-Wind, Inc.*, supra, pág. 264; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

que válidamente tenga en contra de otros".[24] Cónsono con lo anterior, los tribunales deben ejecutar el orden de prelación establecido en la Regla 39.2 (a) de Procedimiento Civil previo a la desestimación:

> (a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.
> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.
> . . . .[25]

Por lo tanto, dicha regla exige que antes de imponer una sanción tan drástica como la desestimación de una reclamación, el Tribunal debe apercibir a la representación legal de la parte sobre el incumplimiento con las órdenes del Tribunal, y de ello continuar, procede sancionar a dicha representación legal y apercibir a la parte directamente sobre el incumplimiento de su representante legal con las órdenes del Tribunal y las consecuencias que conlleva ello.[26] Ante este último paso, la parte puede conocer del aludido

---

[24] *VS PR, LLC v. Drift-Wind, Inc.*, supra, pág. 264; *Mun. de Arecibo v. Almac. Yamika*, 154 DPR 217, 224-225 (2001).
[25] Regla 39.2 (a) de Procedimiento Civil, supra; Véase, además, *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, supra, pág. 820; *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 705-706 (2020).
[26] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, supra, pág. 701; Véase, además, *Mun. de Arecibo v. Almac. Yamika*, supra, págs. 224-225.

incumplimiento antes de la desestimación del pleito y salvaguardar su derecho a que el caso se dilucide en sus méritos.[27]

Asimismo, el Tribunal podrá imponer costas interlocutorias o sanciones económicas a las partes, en todo caso y en cualquier etapa, a una parte o a su representante legal por actos de "demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia".[28]

### III.     Aplicación del derecho a los hechos

Por estar estrechamente relacionados, discutiremos ambos señalamientos de error de manera conjunta. En su recurso, Aponte Burgos sostiene que el foro primario erró al desestimar la demanda por entender que la apelante no tiene interés en cumplir con el descubrimiento de prueba. También alega que el TPI incidió al desestimar la demanda sin antes haberle notificado, apercibido e informado directamente sobre las consecuencias y repercusiones de no cumplir con el descubrimiento de prueba. Le asiste la razón. Veamos.

De un estudio sosegado del expediente ante nuestra consideración, se desprende que ante la primera moción en torno al descubrimiento de prueba presentada por Llavona Oyola, el TPI ordenó a Aponte Burgos cumplir con el descubrimiento de prueba en un término de cinco (5) días. En la referida orden, le apercibió que no hacerlo, se entendería que no tiene interés en el caso y que se desestimaría su causa de acción sin perjuicio. Esta es la única orden que se le notificó directamente a la apelante. Seguidamente, Aponte Burgos presentó *Moción Informativa* en la que informó haber enviado las contestaciones a los interrogatorios.

---

[27] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, supra, pág. 706; *VS PR, LLC v. Drift-Wind, Inc.*, supra, pág. 264; *Mercado Figueroa v. Mun. San Juan*, supra, pág. 290.
[28] Regla 44.2 de Procedimiento Civil, supra, R. 44.2.

Luego, ante la segunda moción presentada por Llavona Oyola, que informaba que Aponte Burgos no contestó adecuadamente algunas preguntas del interrogatorio y no produjo documento alguno, el TPI, sin dar oportunidad a la apelante para replicar la moción, resolvió desestimar la demanda sin perjuicio. No obstante, a petición de Aponte Burgos, el foro apelado reconsideró su dictamen y ordenó la reapertura del caso.

Reanudados los procedimientos, Aponte Burgos envió las contestaciones a las objeciones al interrogatorio el 25 de agosto de 2025. No es hasta el 29 de octubre de 2025, que Llavona Oyola presenta una tercera moción en la que reiteró que la apelante solo produjo documentos de una sola cuenta, entre otras alegaciones[29]. El TPI, sin más, determinó que Aponte Burgos mostró un patrón continuo de falta de interés, por lo que resolvió desestimar nuevamente el pleito. Esta orden tampoco se notificó directamente a la apelante, como tampoco se le hizo apercibimiento sobre las consecuencias de su incumplimiento. El TPI tampoco le brindó oportunidad de replicar las mociones presentadas por el apelado. Forzoso es concluir que el TPI abusó de discreción al recurrir a la drástica sanción de la desestimación de la demanda, sin antes haber notificado, apercibido e informado directamente a la apelante de la consecuencia de su incumplimiento. Conforme resolvió el Alto Foro en *HRS*, tanto la Regla 34.3 como la 39.2 de Procedimiento Civil establecen un orden de prelación que el foro de instancia debe seguir antes de sancionar a una parte con la desestimación de su causa de acción. Más aun, la propia Regla 34.3 expresa que el TPI podrá declarar con lugar o sin lugar la moción presentada por la parte promovente, luego de haber brindado oportunidad a la otra parte de ser oída. De igual forma, una vez reabierto el caso, y Llavona Oyola

---

[29] Vale señalar que, en las solicitudes de remedio en torno al descubrimiento de prueba, el apelado nunca solicitó que se desestimara la causa de acción.

presentó la moción sobre el descubrimiento de prueba, el TPI debió en primera instancia notificar al representante legal de Aponte Burgos y apercibirle de la imposición de sanciones. De este incumplir, entonces el TPI debía notificar directamente a la apelante quien quedaría apercibida y notificada de la etapa procesal del caso y las consecuencias por incumplimiento. Entonces, de incumplir con lo anterior, es que el TPI podía imponer la sanción de eliminación de alegaciones o desestimar el pleito. Sin embargo, el TPI obvió todas estas providencias y, sin más, desestimó. Erró al así actuar.

En vista de lo anterior, procede revocar la sentencia apelada y ordenar la continuación de los procedimientos.

### IV.    Parte dispositiva

Por los fundamentos que anteceden, se revoca la sentencia apelada y se ordena la continuación de los procedimientos.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones